35359. DAWKINS *v.* THE STATE.

CARLISLE, J. The defendant was indicted and tried for the offense of receiving stolen goods, in that he purchased certain automobile storage batteries knowing them to have been stolen or feloniously taken. The jury returned a verdict finding him guilty as charged, fixed his punishment at not more than one year and not less than one year, recommended that he be punished as for a misdemeanor, and also recommended that the sentence be suspended. The trial court refused the recommendations of the jury and sentenced the defendant to the prescribed term in the penitentiary. The defendant's motion for new trial, based on the usual grounds and six special grounds (numbered four through nine, the first special ground numbered four being only an amplification of the general grounds), was denied, and he has brought the present writ of error to have the judgment reviewed.

1. It was error requiring the grant of a new trial in this case for the trial court to admit in evidence, over the timely objections of the defendant, the testimony of a witness that he had purchased a number of automobile storage batteries from the brother of the defendant, and that, when he (the witness) found out that there was something wrong with the batteries, he did not want to be in on a deal like that and he reported the matter to the police, who came and picked up the batteries. It was not shown that the brother of the defendant had been indicted for the same offense for which the defendant was on trial, either jointly or separately, and such evidence was irrelevant, immaterial, and prejudicial to a fair trial of the defendant, as it was not established by any evidence on the trial that the defendant was aware of the transaction between the witness and his brother, nor was it established that the batteries purchased by the witness from the brother were those, or part of those, alleged to have been received by the defendant as stolen property, nor was there any evidence from which it could have been inferred that a conspiracy existed between the defendant and his brother to commit the crime charged in the indictment, nor does it appear that the State made any such contention.

2. The remaining assignments of error, if error, are of such nature as will not recur on another trial and are not considered here.

The trial court erred in denying the motion for a new trial as indicated in division 1 of this opinion.

*Judgment reversed.  Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 1, 1954.

*Jesse T. Edwards,* for plaintiff in error.