41701.   ELLENBURG et al. v. THE STATE.

ARGUED JANUARY 5, 1966—DECIDED APRIL 18, 1966—
REHEARING DENIED MAY 4, 1966—

*Wesley R. Asinof*, for appellants.

*Lewis R. Slaton*, Solicitor General, *J. Walter LeCraw*, *William E. Spence*, Solicitor, *Hinson McAuliffe*, *Frank A. Bowers*, *Carter Goode*, for appellee.

HALL, Judge. "A search warrant may be issued only for the making of a search authorized at common law or by statute." *Johnson v. State*, 111 Ga. App. 298, 302 (141 SE2d 574). Prior to the Search and Seizure Act of 1966 (Ga. L. 1966, p. 567), there was no statute expressly authorizing the issuance of a search warrant for the implements of gambling. The common law of Georgia is "the Common Law of England, and such of the Statute Laws as were usually in force before the Revolution, with the following limitations"—the prohibitions of the Constitution of the United States, the Georgia Constitution and the statutes of this State. *Flint River Steamboat Co. v. Foster*, 5 Ga. 194 (5).

The defendants contend that at the time of the Revolution the law did not authorize the issuance of a search warrant for gambling implements. We disagree. A unanimous opinion of the Supreme Court of the United States declares: ". . . at the time the Constitution was adopted, stolen or forfeited property, or property liable to duties, and concealed to avoid payment of them, excisable articles, and books required by law to be kept with respect to them, counterfeit coin, burglar's tools and weapons, implements of gambling, and many other things of like character might be searched for in home or office, and, if found, might be seized under search warrants lawfully applied for, issued and executed." Gouled v. United States, 255 U. S. 298, 308 (41 SC 261, 65 LE 647); 79 CJS 827, § 64, n. 89. The basic reason the law allowed the issuance of these warrants was that ". . . the citizen was for some reason not entitled to possess the property." Kaplan, Search and Seizure: A No-Man's Land in the Criminal Law, 49 Calif. L. Rev. 474, 475. See also 2 Hale, Pleas of the Crown, 149 (Stokes and Ingersoll Ed. 1847). Accord *Kneeland v. Connally*, 70 Ga. 424; *Smoot v. State*, 160 Ga.

744 (128 SE 909, 41 ALR 1533) ; *Heath Sales Co. v. Bloodworth*, 221 Ga. 567 (146 SE2d 275). The Supreme Court of New Jersey has held that the authority to issue this type of warrant ". . . is implicit in the judicial power." Eleuteri v. Richman, 26 N. J. 506 (141 A2d 46); State v. Macri, 39 N. J. 250 (188 A2d 389). This power has been exercised by our Georgia Courts for almost two hundred years.

The decision in Mapp v. Ohio, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081), imposes no constitutional problem. In a later case, Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726), the Supreme Court was more explicit as to the Mapp doctrine and Federal-State relations. That court stated that there was to be no assumption by it of "supervisory authority over state courts," nor did Mapp imply "total obliteration of state laws relating to arrests and seizures in favor of federal law." Both federal and state systems can take their own approach so long as each respects the same "fundamental criteria." From the above, it would seem that the Supreme Court is not concerned with whether a search warrant is issued pursuant to statute or the common law authority of the state judiciary. The phrase "fundamental criteria" is concerned with whether the warrant was issued "upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized" (Constitution of the United States, Amendment IV), and whether it was executed in a reasonable manner.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*