## 50331. THE STATE v. TOOMEY.

STOLZ, Judge.

This case is an appeal by the state from an order of the Superior Court of Columbia County sustaining the defendant's motion to suppress.

On April 9, 1974, an investigator of the Columbia County Sheriff's Department was called to Cunningham Industries, in that county, with reference to someone's using their telephone line. The complaint was that some unauthorized person was tied into the number (private line) which was assigned to Cunningham Industries. The

investigator was advised that a number of calls had been overheard which involved discussion of drugs, drug parties and the usage of drugs. The investigator was also informed that an individual named Freddie Toomey (defendant) was making and receiving calls on the Cunningham Industries line. Thereafter, the investigator listened in on various conversations. Then he contacted the telephone company to see if there was a telephone registered in the name of the defendant. There was not. Further investigation developed that the defendant was renting a house on Old Evans Road. The investigator then made an affidavit before a justice of the peace based on the information obtained as a result of listening in on the telephone conversations. A search warrant was issued and a search of the premises conducted, which resulted in the defendant's arrest on a charge of violating the Georgia Drug Abuse Act. At the hearing on the motion to suppress, officials of the telephone company testified that the company had left in operation a station at the defendant's dwelling which was working at all times pertinent, but which should have been disconnected. *Held:*

The trial judge correctly sustained the motion to suppress. The investigator listening in on the defendant's telephone conversations had not previously made written application under oath to the district attorney or the Attorney General, showing probable cause, and then obtained an investigation warrant from a judge of superior court. See Code Ann. § 26-3004 (Ga. L. 1968, pp. 1249, 1328; 1972, p. 615; 1972, pp. 952, 953). Failing in this, the investigator was clearly within the prohibition of Code Ann. § 26-3001 (Ga. L. 1968, pp. 1249, 1327): "It shall be unlawful for: (a) any person in a clandestine manner to intentionally overhear, transmit, or record, or attempt to overhear, transmit, or record the private conversation of another which shall originate in any private place; . . . (d) any person to intentionally and secretly intercept by the use of any device, instrument or apparatus the contents of a message sent by telephone, telegraph, letter or by any other means of private communication; . . . (f) any person to commit any other acts of a nature similar to those set out in subsection[s] (a)

through (e) which invade the privacy of another."

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED FEBRUARY 25, 1975 — DECIDED MARCH 20, 1975.

*Richard E. Allen, District Attorney, Richard L. Powell, Assistant District Attorney,* for appellant.
*Hinton R. Pierce, Stanley C. House,* for appellee.