## 51870. HICKSON et al. v. THE STATE.

Deen, Presiding Judge.

Armed with a warrant to search the apartment of the co-defendants Walter Hickson and Delores Warren, officers entered, searched, and found narcotics and marijuana. The defendants were jointly tried and convicted on two-count indictments.

1. While the officers were engaged in the search one Calvin Graves knocked on the door, was admitted and searched, and cocaine and a gun found on his person. Graves was not indicted as a co-defendant, was not a witness, and was in no way connected with the defendants or the narcotics found on the premises. Defense counsel objected in advance to allowing testimony concerning Graves in a hearing from which the jury was excluded; the court held that such testimony was admissible as part of the res gestae, provided the state proved that the substance taken from Graves was in fact cocaine. It did so. We consider the objections initially urged as going to all testimony regarding Graves' presence and possession of contraband. Since the search warrant was not in evidence we must assume that it covered persons coming upon the premises other than the defendants; for this reason no question arises such as that in *Brown v. State,* 133 Ga. App. 500 (1) (211 SE2d 438), where the third person "is not mentioned in the affidavit, is not shown to be an occupant of the apartment but a mere visitor, and the warrant does not specifically authorize the search of 'any other person on said premises who reasonably might be involved in the commission of the aforesaid violation' as in *Willis v. State,* 122 Ga. App. 455 (177 SE2d 487).' " If Graves were on trial, then, the evidence would have been admissible against him. It is not admissible against these defendants until some link between them and the visitor is established other than mere presence and the fact that the latter is also violating the law. "Unless, however, a conspiracy is shown prima facie, such evidence can only

operate against the person whose acts and declarations are proved, if he is on trial; or if he is not on trial, they are not admissible against the defendants being tried, and should be rejected." *Coleman v. State,* 141 Ga. 731, 733 (82 SE 228). See also *Dawkins v. State,* 90 Ga. App. 741 (84 SE2d 129); *Stocks v. State,* 119 Ga. App. 837 (168 SE2d 893). The admission of this testimony was error.

2. Again, referring to Graves, the defendant Hickson was asked on cross examination: "You ever know Calvin to deal in drugs at all?" to which he replied, "I don't know anyone that deals in drugs at all." Thereafter, testimony was admitted over objection that an arrest warrant had been issued for the defendant's son "because they were supposed to have found some drugs in his apartment." He was further asked whether he knew Kenneth Whitmore, whom he identified as president of a music promotion company with which he as an entertainment promoter had once done business. He was then asked, "Do you know he has been convicted of possession of heroin?" and the defendant replied in the negative. Based on this testimony, the arrest warrant against young Hickson and the indictment against Whitmore were admitted in evidence. This also was error. The defendant had sworn that he knew no one who dealt in drugs. To impeach this statement the state would have to show both that the defendant was acquainted with alleged drug dealers, and knew that such persons did in fact deal in drugs. It failed to show that the defendant's son dealt in drugs, for the warrant standing alone proved nothing. And it failed to show that Hickson was aware of the charge against Whitmore. The warrant and indictment referred to no transaction connected with the defendant, and were erroneously allowed consideration.

3. The fact that a pistol was found in a nightstand in Hickson's bedroom has no relevancy to his possession of narcotics. *Lane v. State,* 126 Ga. App. 375 (190 SE2d 576); *Satterfield v. State,* 127 Ga. App. 528 (5) (194 SE2d 295); *Luke v. State,* 131 Ga. App. 799 (2) (207 SE2d 213). The state contends that admission of the pistol in evidence, if error, was harmless because other evidence to the same effect was not objected to. Since the case is to be tried again, we observe only that the admission of the pistol

(which, so far as appears was lawfully possessed) would, as against proper objection, be error as it is immaterial to the crime charged and might have some prejudicial effect on the jury.

*Judgment reversed. Quillian and Webb, JJ., concur.*

Argued March 2, 1976 — Decided March 15, 1976.

*Robert S. Windholz,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.