## 53969. BENDA v. THE STATE.

WEBB, Judge.

Robert Benda appeals from his conviction of possession of less than one ounce of marijuana. The evidence presented at the trial, as stipulated for the record before this court, was as follows.

On June 12, 1976, six officers of the Forest Park Police Department obtained a search warrant for an apartment on Old Dixie Highway listed to Andrew Vietto. When they entered the apartment approximately ten people were there. Benda was not present. Everyone there was arrested and charged with violations of the Georgia Controlled Substances Act. The police found two unemployment checks made out to Robert Benda addressed to Vietto's Old Dixie Highway apartment. Benda went to the police station about an hour later to arrange bond for Vietto and his friends. While there he told the policeman in charge that he stayed at Vietto's apartment on occasion and that if he had come back thirty minutes earlier they would have "caught" him.

Vietto testified that he was the lessee of the apartment; that the marijuana found there was his; that Benda stayed there on occasion but also had other places to stay; that he was holding the unemployment checks for Benda until he could get the required identification to cash them; and that he had pled guilty to the charges of possession of marijuana. Benda testified in his own behalf that he was not a resident of Vietto's apartment although he stayed there sometimes; that Vietto was holding his unemployment checks until he could cash them; that he

did not know the marijuana was in the apartment and that it was not his.

" 'Merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime.' *Gee v. State,* 121 Ga. App. 41, 42 (172 SE2d 480). 'Neither presence, nor flight, nor both together without more, is conclusive of guilt.' *Moreland v. State,* [1]33 Ga. App. 723, 725 (212 SE2d 866) and cits. Accord, *M. W. W. v. State,* 136 Ga. App. 472 and cits." *McCann v. State,* 137 Ga. App. 445 (224 SE2d 99) (1976). The evidence failed to show that Benda was either in actual or constructive possession of the marijuana, and consequently the verdict of the jury finding him guilty was in error.

*Judgment reversed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED JUNE 6, 1977 — DECIDED JUNE 14, 1977.

*Larry D. Tew,* for appellant.
*William E. Frey, Solicitor, Leonard Cohen,* for appellee.