### 57405. TUGGLE v. THE STATE.

BIRDSONG, Judge.

Defendant was convicted of two counts of a multi-count indictment charging him with violating the Georgia Controlled Substances Act. Defendant has appealed after his motion for new trial was overruled. The counts of which defendant stands convicted alleged the unlawful possession of chlorazepate, and the unlawful possession of more than one ounce of marijuana. *Held:*

1. The defendant's motion to suppress the evidence was denied. A search warrant was issued by a magistrate to search the defendant, certain described premises, and a vehicle parked thereon, for marijuana. During the execution of the search warrant, officers found on the premises more than an ounce of marijuana, certain paraphenalia associated with drug usage, and a quantity of pills which were shown at trial to be chlorazepate. Defendant contends only that the seizure of the pills and the paraphernalia was illegal as the warrant authorized a search for marijuana. When in the furtherance of a legal search for the item sought, other contraband is found on the premises searched, the officer conducting the search is authorized to seize this contraband. *Stanley v. State,* 224 Ga. 259 (161 SE2d 309). The motion was correctly denied.

2. Defendant contends that the trial court erred in permitting a state's witness, Detective Boyd, to testify as to the uses of "roach clip" and "cigarette rolling papers."

Contrary to this assertion, the transcript shows that the witness merely identified the contents of an envelope as "rolling paper" and "two roach clips," and gave no testimony as to the uses made. The enumeration has no merit.

3. This same witness Boyd was asked to identify state's Exhibit No. 9. The witness responded that it was "...a silver spoon. The street name for it is 'coke spoon.'" An objection was then made by defendant that the testimony was obviously not related to the crimes charged and therefore it was immaterial and made for the purpose of inflaming the jury. The objection was overruled. The witness then testified that this exhibit was given to him "inside Bobby Tuggle's house" by Sergeant Jerry Green. Both of these officers assisted in executing the search of the premises where defendant was residing.

The witness was then asked how the instrument, Exhibit No. 9 was used, and he responded: "Cocaine is put in it." Objection was made again that this evidence was irrelevant to the charges contained in the indictment as it dealt with cocaine and not the type drugs alleged in the indictments. The objection was overruled. Thereafter, a motion for mistrial was made on the same grounds, and it was denied. Sergeant Green, during his testimony, identified numerous state's exhibits which he found in and about the premises. Exhibit No. 9, the "coke spoon," was never tendered to Green. At the conclusion of the state's case, Exhibit No. 9 was admitted over the same objection. Thus, the only relation that this evidence was shown to have had with defendant was the testimony by Boyd that he received it from Green at defendant's house. Secondly, the fact that this spoon was used in some manner with cocaine was evidence of a totally unrelated crime, possession of cocaine. The failure to connect this evidence to defendant and its complete irrelevancy causes us to hold that its reception was erroneous. In the light of all the evidence in the case, as noted in Division 7, we are unable to hold that it was highly probable that the error did not contribute to the guilty verdict. Therefore, the error was harmful which requires reversal. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869).

4. In addition to the spoon, numerous other exhibits,

all of which were seized at the time of the search of the premises were admitted over objection that they were seized illegally and were not relevant or material and were "possibly evidence of another crime." We have already held the seizure to have been lawful. The ground of objection that these exhibits were irrelevant likewise has no merit. In addition to eight bags of marijuana, the exhibits included paraphernalia used in smoking marijuana, cigarette papers, and cigarettes containing marijuana, all of which were found in and about the premises occupied by defendant. These exhibits were relevant to the possession of marijuana, a count of the indictment.

5. A witness for the state was permitted to testify over objection that a ceramic utensil was used to smoke marijuana. The ground of objection was that no foundation had been laid for allowing the witness to give an opinion. Now on appeal defendant apparently has abandoned the original ground and asserts new grounds of objection. These new grounds will not be considered for the first time on appeal. *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762).

6. A state's witness testified that during the search, a semi-automatic pistol was found. Objection was made to the testimony as well as a motion for a mistrial. The motion was overruled, and the jury was instructed to disregard the testimony concerning the firearm. The court's instruction to the jury was sufficient to remove any harmful effect of the admission of this testimony. *Starr v. State,* 209 Ga. 258 (71 SE2d 654).

7. The defendant contends that his motion for directed verdict of acquittal was erroneously denied. The state by its evidence established that one of the officers, while searching in a bedroom, found chlorazepate capsules in a matchbox secreted in a chest of drawers. Defendant who was present during the search, admitted that he occupied this room. Another officer while searching a closet and the attic adjacent to defendant's bedroom found the eight bags of marijuana which weighed five ounces. Another witness for the state testified that just prior to the search, he was present at this location with defendant where they discussed the sale

of a mobile home; and that two young men arrived a little later and conversed with defendant. This witness also testified that defendant's mother and wife both lived at this house. Defendant's mother testified that the chlorazepate pills belonged to her and had been prescribed for her by a physician. Defendant testified and denied possessing any drugs or marijuana.

Defendant argues that an application of the evidence to the "equal access rule" demands a verdict of acquittal. See *Gee v. State,* 121 Ga. App. 41 (172 SE2d 480). The equal access rule cannot be invoked here because there is the direct evidence that both the marijuana and the chlorazepate capsules were discovered in a bedroom admittedly occupied by defendant. From this, a jury would be authorized to find that defendant possessed this contraband. *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476). The evidence does not demand an acquittal and therefore, the trial court properly denied this motion.

8. The defendant made a written request to charge on the "equal access rule" which was denied. The charge as requested did not apply to the facts of this case. Nonetheless, the court did correctly instruct the jury on actual or constructive possession and on sole or joint possession. It also charged that if the jury found from the evidence that defendant did not knowingly have actual or constructive possession, alone or jointly, or had no knowledge that contraband was in the house, the jury should acquit the defendant.

9. Two other claims of error which allegedly occurred at the sentencing phase of the trial have been considered and are totally meritless. In any event, as we reverse because of the error discussed in Division 3, these claimed errors are not likely to re-occur in the event of another trial.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED MARCH 12, 1979 — DECIDED APRIL 13, 1979.

*Twitty & Twitty, Jack G. Slover, Jr.,* for appellant. *H. Lamar Cole, District Attorney, Alden W. Snead,*

*Assistant District Attorney,* for appellee.