*Lodge,* for appellees.

## 57461. GORDON v. THE STATE.

UNDERWOOD, Judge.

Appellant, Gordon was convicted of possession of approximately four and one-half pounds of marijuana in violation of the Georgia Controlled Substances Act, Code Ann. § 79A-801 et seq. On appeal he contends the trial court erred in overruling his motion to suppress evidence (the marijuana) seized in a search conducted pursuant to a search warrant.

An unidentified informant told a police officer, Alexander, that he had within the preceding twelve hours observed about ten pounds of marijuana in a footlocker in the bedroom of Gordon's apartment. Officer Alexander relayed the information to Lieutenant Sullivan, who in turn passed it along to Detective Derrick. Detective Derrick then went before a Justice of the Peace, Lazaros, presented an affidavit and obtained a search warrant.

At the hearing on the motion to suppress the magistrate testified that he was entitled to a fee of four dollars for each application for a search warrant considered by him, but that as a matter of personal preference he billed the county only in those cases in which the warrant was actually issued.

Appellant makes two attacks on the trial court's denial of his motion to suppress. First, he contends that the magistrate's practice of billing the county only in connection with warrants which he issued, rather than for each application considered, undermined his standing as a neutral and detached magistrate required by the United States Constitution. Second, he insists there are material inaccuracies in the information provided to the magistrate, orally and by affidavit, upon which the search warrant was issued which inaccuracies relate to an alleged deficiency in the reliability of the informant.

1. In Connally v. Georgia, 429 U. S. 245 (1977), the United States Supreme Court invalidated Georgia's earlier system of compensating magistrates only when a

warrant was issued. The present Georgia law, Code Ann. § 24-1601, allows compensation for each application for a search warrant considered by a magistrate. Justice of the Peace Lazaros testified that he fully understood that he was entitled to compensation for each application presented to him, but as a matter of personal preference, he collected from the county only in those cases when the warrant was issued.

The test used in determining whether a procedure for issuing search warrants creates an atmosphere which could lead to an unfair and partial judge is whether the situation is one " 'which would offer a possible temptation to the average man as a judge to forget the burden of proof required . . . or which might lead him not to hold the balance nice, clean and true between the State and the accused . . .' " Connally v. Georgia, supra, at 249. Applying this test to the instant case, we do not find this magistrate's personal practice of billing only for warrants issued to be violative of Connally principles. None of the pecuniary temptations of the former system of issuing warrants are present here since the magistrate was cognizant of his right to collect a fee for each application for a search warrant, and his decision not to collect when warrants were not issued was a personal preference.

2. The appellant makes a second vigorous attack upon the trial court's denial of his motion to suppress contending "the affidavit and oral testimony presented to the justice of the peace contained misrepresentations of material facts which formed the basis of the probable cause for the issuance of the search warrant." The affidavit contained the following facts: "On 02-01-78 Det. Lt. Joel Sullivan at 2:58 P. M. received a call from Officer Michael Alexander, who stated a reliable informer with whom he has had contact for approximately two years, and whose information has lead to several arrests gave the following information: In Apt. K-2 Charesa Apts. was a footlocker that contained a large amount of marijuana. The information is that the above-mentioned marijuana was seen within the last twelve hours by said informer." At the hearing on the motion to suppress, all three officers involved testified, and on cross examination Officer Alexander indicated that the prior arrests which resulted

from information produced by this informant were not made by him personally but had led to arrests by other officers within the police department. While some of the testimony of Officer Alexander lacks clarity and is confusing the following is clear:

"Q. And had this particular informer aided you before? A. Yes sir. He had given information to me in the past. Q. Had that information resulted in some arrest? A. Yes sir. Not my personal arrest, but other people that I was to pass the information on to, they all went on and made the arrest."

"The fact that there was 'hearsay upon hearsay' involved in the present case, as for the information upon which the affidavit was based is concerned, does not preclude a finding of probable cause." *McNeal v. State,* 133 Ga. App. 225, 228 (211 SE2d 173).

Both the appellant and the state have cited Aguilar v. Texas, 378 U. S. 108 (1964) in support of their contentions. In that case the United States Supreme Court held: "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U. S. 257, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U. S. 528, was 'credible' or his information 'reliable'." Aguilar v. Texas, supra, 114.

In Aguilar, the court found insufficient facts upon which probable cause for the issuance of the search warrant could have been based. "The affidavit here not only 'contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein,' it does not even contain an 'affirmative allegation' that the affiant's unidentified source 'spoke with personal knowledge.' For all that appears, the source here merely suspected, believed or concluded that there were narcotics in petitioner's possession." Aguilar v. Texas, supra, 113.

In the instant case the information brought before the magistrate and sworn to in the affidavit was that the informant had seen a large quantity of marijuana in the designated apartment within the preceding twelve hours. At the hearing on the motion to suppress Officer Alexander testified that the informant actually said he had seen the marijuana "a few" or "a couple" of hours before informing Alexander, but there cannot be said to be a material difference in the oral testimony and the affidavit concerning when the informant actually saw the marijuana.

The fact that the informer actually saw the marijuana on the premises shortly before the search took place is a circumstance not present in the Aguilar case and takes this case out of the Aguilar holding.

A review of the testimony given at the hearing on the motion to suppress by the three officers and the magistrate reveals some inconsistency of language and memory, but taken as a whole we find the testimony is not materially inconsistent with the facts presented in the affidavit upon which the search warrant was based. "The test of probable cause is whether it would justify a man of reasonable caution in believing that an offense has been or is being committed, and this requires merely a probability — less than a certainty but more than a mere suspicion or possibility." *Butler v. State,* 130 Ga. App. 469, 470 (203 SE2d 558).

We do not find error in the trial court's denial of the motion to suppress.

*Judgment affirmed. Banke, Acting P. J., and Carley, J., concur.*

ARGUED MARCH 6, 1979 — DECIDED JULY 10, 1979 — REHEARING DENIED JULY 24, 1979 —

*James K. Jenkins, John Oliver Ellis, Jr.,* for appellant.

*Stephen Pace, Jr., District Attorney, Miriam D. Wansley, Assistant District Attorney,* for appellee.