## 57997. HOGSED v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted, tried and found guilty of the offense of theft by conversion of an automobile, the property of another, of the value of more than $100 under an agreement to make a specified application of said property, that is, for the purpose of driving the vehicle from a used car lot up the street and back to try it out and that he thereafter knowingly converted said property to his own use in violation of such agreement. He was sentenced to serve a term of five years. A motion for new trial, as thereafter amended, was filed and denied, and defendant appeals. *Held:*

The sole enumeration of error is to the admission in evidence of a shotgun found under the seat of the automobile and the pillowcase in which it was wrapped. Other evidence discloses that the defendant and three female companions approached a used car lot dealer in Clarksville, Habersham County, Georgia, at which time the defendant requested the dealer to try out a 1971 Mustang that was on the lot. The dealer allowed the defendant to have the automobile (as he contends, and so testified) to drive it out on the road and back and be back in a few minutes between 10:30 and 11:30 a.m. At that time the automobile was between 1/2 and 3/4 full of gasoline ("approximately 12 gallons of gas"). Defendant had not returned with the automobile by 2:00 p.m. at which time the owner reported it missing. At approximately 10:30 that night the car was found in Toccoa "out of gas." The automobile had been previously cleaned approximately two to three weeks prior to this time, although approximately four people had driven the car since it had been cleaned. There was no tag on the car, however, when it was found there was a brown cardboard tag on it which said "lost tag." The automobile was in general disarray, that is, with "stuff in the car," such as "Potato chips and bags, popcorn in bags, cigarette packs and cracker wrappers and things like that." In addition, there were "paper type flowers taped around on the sun visor and headlights." In addition, there was a white pillowcase under the seat with a shotgun in the

pillowcase.

The defendant was arrested with the automobile, and generally when one is arrested all of the circumstances connected with the arrest is considered as proper evidence to be submitted to the jury to be used by them for what they are worth. See *Wayne v. State,* 56 Ga. 114, 119 (5); *McClung v. State,* 206 Ga. 421, 423 (57 SE2d 559); *State v. Luke,* 232 Ga. 815-816 (209 SE2d 165); *Clements v. State,* 226 Ga. 66 (1) (1972 SE2d 600); *Rush v. State,* 137 Ga. App. 387, 389 (4) (224 SE2d 39). Another rule is that when there is evidence of the commission of another crime other than the one charged evidence in regard thereto is not generally admissible. See *Bixby v. State,* 234 Ga. 812, 813-814 (218 SE2d 609); *Martin v. State,* 143 Ga. App. 875, 877 (240 SE2d 231); *Cox v. State,* 165 Ga. 145 (1) (139 SE 861). Here the items found in the otherwise clean automobile such as potato chips and bags, popcorn bags, cigarette packs, cracker wrappers, the shotgun and pillowcase are clearly relevant items to show the use of the automobile for other than the purpose for which the automobile was removed from the used car lot. This evidence was admissible in evidence to show clearly that the defendant knowingly converted the property to his own use in violation of the agreement to drive the automobile up the street to try it out. The facts of *State v. Luke,* 232 Ga. 815, supra; *Bixby v. State,* 234 Ga. 812, supra; *Rush v. State,* 137 Ga. App. 387, supra; *Hickson v. State,* 138 Ga. App. 135 (1) (226 SE2d 2); *Satterfield v. State,* 127 Ga. App. 528, 531 (5) (194 SE2d 295); *Lane v. State,* 126 Ga. App. 375, 376 (5) (190 SE2d 576) are different from the case sub judice. The trial court did not err in admitting the shotgun and the pillowcase into evidence.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED JUNE 14, 1979 — DECIDED JULY 12, 1979 —
REHEARING DENIED JULY 24, 1979 —

*Kimzey, Kimzey & Carter, M. Keith York,* for

appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.