## 60463. SMITH v. THE STATE.

DEEN, Chief Judge.

Shirley Smith was indicted and convicted for possession of phencyclidine (PCP), a violation of the Georgia Controlled Substances Act. Briefly, the evidence reveals that pursuant to search warrant a trailer rented to the defendant's husband was searched. The defendant and one Phillips, a friend who had been staying with the Smiths for two or three weeks while job hunting, were present, along with the Smiths' two young children. Smith himself was absent. The trailer had a living room containing a couch where Phillips slept, three bedrooms and one bathroom. The drug was found in the bathroom in the pocket of a bathrobe hanging in plain view. The defendant claimed ownership of the bathrobe but denied knowing anything about the drug. The adults were arrested under the mistaken impression that Phillips was Smith; when his identity was discovered he was released. Two days later he stated that he had purchased the drug for his own use and had placed it in the pocket of the robe while using the bathroom, without the defendant's knowledge, intending to recover it later. He also testified to this effect on the trial of the case. The defendant was convicted and her motion for new trial denied.

1. The first four enumerations of error are considered together. In the first place, it is obvious that while the testimony of the peace officers that they found the glassine bag with the drug tablets in a pocket of a bathrobe hanging in the bathroom is direct evidence of the location of the pellets, it is only indirect evidence that the defendant possessed the pills. Since this is the only evidence in the record upon which the defendant might be convicted, it must, to be sufficient "not only be consistent with the hypothesis of guilt but shall exclude every other reasonable hypothesis." Code § 38-109. Smith was not present at the time of the search and there is no contention by the state that

he possessed the drug, so as to invoke the rule that the husband is the head of the household and presumed to possess any contraband found therein. Cf. *King v. State,* 145 Ga. App. 789 (2) (245 SE2d 310) (1978). This leaves the equal access rule where, as here, two persons not husband and wife share the use of the same room. Even the presumption that contraband belongs to the head of the house "is not sufficient to support a verdict of guilty, where the occupancy of the premises is maintained by him and his family jointly with others," and this is true although there are unexplained and suspicious circumstances *aliunde. Russell v. State,* 132 Ga. App. 35 (1) (207 SE2d 619) (1974), and see Judge, now Justice Marshall's concurrence in *Greeson v. State,* 138 Ga. App. 572, 575 (226 SE2d 769) (1976). As was held in *Moreland v. State,* 133 Ga. App. 723 (212 SE2d 866) (1975), following *Gee v. State,* 121 Ga. App. 41 (172 SE2d 480) (1970), constructive knowledge that drugs are located on one's premises predicated only upon the discovery of the drugs in that location, cannot be assumed where others than the head of the house live on the same premises. Further, in *Moreland* the sister of one of the defendants testified positively that the drugs were hers and were on the premises without the knowledge of the Morelands, and such evidence, unimpeached and unrebutted, makes it affirmatively appear that this witness had equal opportunity to commit the crime. Id., p. 725. To the same effect see *McCann v. State,* 137 Ga. App. 445 (224 SE2d 99) (1976); *Braden v. State,* 135 Ga. App. 827 (1) (219 SE2d 479) (1975). The distinction is drawn in *Wright v. State,* 154 Ga. App. 400 (268 SE2d 378) (1980), where drugs found in a child's room were equally available to those living in the home, while those in Robert Wright's bedroom, occupied solely by himself, would be presumed to belong to him.

Phillips' testimony is within this category. The trial court erred first in denying the defendant's request to charge the equal access theory and secondly in denying the motion for new trial based on the physical evidence. Nothing to the contrary is held in *Tuggle v. State,* 149 Ga. App. 634 (7) (255 SE2d 104) (1979) where the drugs were found in a chest of drawers in the bedroom which was under the sole control of the defendant. (In *Tuggle* the defendant's mother attempted to claim the drug as one having been prescribed for her by her physician, but she offered no explanation of why, if this were so, they were in the defendant's bedroom drawer and why they were in a matchbox instead of a prescription bottle, circumstances which in themselves rebutted the testimony and created a jury issue.) These grounds show reversible error.

2. Enumerations 8, 9 and 10 are considered together. A search warrant may be issued only to allow a search and seizure of evidence

authorized by statute or by the common law. *Ellenburg v. State,* 113 Ga. App. 585 (149 SE2d 173) (1966), cert. denied 385 U. S. 973 (87 SC 512, 17 LE2d 436). Property seized under a valid warrant is admissible in evidence without further testimony. *McCrary v. State,* 229 Ga. 733 (4) (194 SE2d 480) (1972). If the defendant wishes to contest the legality of the obtention of such evidence he may file a motion to suppress which must be heard by the trial judge *outside the presence of the jury.* Code § 27-313 (b); *Cook v. State,* 141 Ga. App. 241, 242 (233 SE2d 60) (1977). It follows from the above that if the search warrant is valid, that is, either it is not contested, or a motion to suppress heard outside the presence of the jury has been properly denied, then the evidence is admissible without further reference to the facts contained in the original affidavit, application for, or warrant granting the right to search described premises. If this were not so there would not be a specific statutory provision for exclusion of the jury from the presentation of evidence relating to the reasonableness or unreasonableness of the search. Two reasons stand out as supporting this elementary principle: The statements contained in the application for warrant are frequently hearsay and have no probative value as to the case on trial, and since they relate to facts occurring prior to the state's securing the evidence offered on the trial in most cases they relate to prior criminal activity not admissible on the trial of the case. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952).

The search under which the phencyclidine tablets were obtained was conducted without contest under a valid warrant. There was no objection to their admission in evidence. Nevertheless, the state's attorney almost immediately asked its first witness what led him to take out the search warrant, and he replied, "I had received information from a confidential informant who stated that within the last 72 hours my informant had been at the residence and purchased a quantity of phencyclidine." On objection the court ruled that the evidence was admissible for the limited purpose of explaining the police officer's conduct. The attorney then said, "Go ahead," and the witness repeated his statement of the hearsay, added that the informant was reliable, and that the witness went before a named magistrate and obtained a warrant. The same witness shortly thereafter detailed a conversation he had had with a state's attorney in which he stated referring to the same hearsay evidence, "that we'd had a buy out of the trailer — a buy had been made from Smitty's wife [the defendant]." Again, asked why he had not sought to have the glassine bag examined for fingerprints, he volunteered: "Because of the smallness of the packets and my informant had specifically stated he had bought it from Smitty's wife." The state's attorney then said,

"Now, this anonymous informer — when h · called you on the phone and told you he had bought the phencyclidine from Smitty's wife, did you question him . . .?" The second witness for the state, also a police officer, was almost immediately asked what led up to taking the search warrant, and an objection to the question was sustained. This witness nevertheless testified, "The informer told us that a gentleman by the nickname of Smitty was living there, that he was the one that he'd been receiving phencyclidine from and also his wife," and again, "The last time he was there he bought it from Mrs. Smith." The state's attorney asked the witness Phillips, "Isn't it a fact that you and Mrs. Smith had been selling drugs in that trailer?" and again, "Do you deny that you and Mrs. Smith had been selling drugs from that trailer?" During the concluding argument to the jury he twice referred to the defendant as selling drugs and referred to "the entire evidence . . . a search warrant because of the tip of a buy from Mrs. Smith."

Not all these illegal references to hearsay information regarding a prior sale of contraband by the defendant were objected to. Since the case is being reversed on other grounds we need not analyze the procedural aspects in detail. What we hold is that evidence of prior criminal activity on the part of the defendant would have been inadmissible even if it were not hearsay. *Johnson v. State,* 154 Ga. App. 793 (270 SE2d 214) (1980). Hearsay has no probative value whether or not it is objected to. *Higgins v. Trentham,* 186 Ga. 264 (1) (197 SE 862) (1938). "The absence of objection does not increase the probative value of hearsay evidence." *Gallman v. State,* 127 Ga. App. 849, 852 (195 SE2d 187) (1973).

In arguing this point the defendant relies on *Arnold v. State,* 236 Ga. 534 (5) (224 SE2d 386) (1976) and the state contends *Arnold* has been superseded by *Mooney v. State,* 243 Ga. 373 (5), 393 (254 SE2d 337) (1979). In point of fact there is no conflict between the cases. The testimony referred to in each is hearsay. Hearsay evidence is always irrelevant, except where necessary to establish motive and the like under Code § 38-302. Irrelevance alone does not constitute reversible error unless it is also prejudicial. *Lanier v. State,* 187 Ga. 534 (2) (1 SE2d 405) (1939). Equally, the fact that evidence is "prejudicial" is not alone cause for reversal unless it is illegally admitted, since "however *prejudicial* it may be [it] may at the same time be admissible." *Garvin v. State,* 76 Ga. App. 684 (1) (47 SE2d 192) (1948). Where the prejudicial and otherwise inadmissible words objected to reveal prior crimes of the defendant, they constitute reversible error. *Arnold v. State,* 236 Ga., supra, at page 537; *Lanier v. State,* 187 Ga., supra, at page 542. *Mooney,* supra, at page 393 reiterates that the prejudicial nature of testimony is itself largely

irrelevant *unless it offends some other rule of evidence.*

From the above we conclude that where physical evidence obtained in the execution of a valid search warrant is admitted on the trial of a criminal case, the reason for the execution of a warrant is ordinarily irrelevant, and the statements averred in its underlying affidavit are not admissible by reason of the fact that they form the basis for the warrant unless for some other reason they constitute legal evidence having probative value in the case on trial. That such statements suggest other criminal activity on the part of the defendant is a reason for excluding, not admitting, the sequence of events underlying the procurement of the search warrant.

3. The remaining enumerations of error show no cause for reversal.

*Judgment reversed. Sognier, J., concurs. Birdsong, J., concurs in the judgment only.*

SUBMITTED SEPTEMBER 8, 1980 — DECIDED OCTOBER 15, 1980.

*Thomas M. Finn,* for appellant.
*Stephen A. Williams, District Attorney,* for appellee.