## 63151. TEEMS v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted, tried and convicted in two counts for the offenses of violation of the Georgia Controlled Substances Act, Count 1 being for the possession of marijuana in a greater amount than one ounce and Count 2 being for possession of methaqualone. He was sentenced as to Count 1 to serve a term of 10 years on probation and ordered to pay a fine of $1,000 at a rate to be determined by the probation officer. This probated sentence was concurrent with the sentence imposed as to Count 2 which was six years in confinement. Defendant appeals. *Held:*

1. During the conduct of the search of certain premises described in a search warrant and after a quantity of drugs were found and two persons present at the scene were arrested, the telephone rang. An investigator who testified at the trial answered the phone testifying that a person named Joe asked for "Ronald." Whereupon, the officer told him that he was Ronald (the defendant, although one of the arrested persons present was also named Ronald, who was the father of defendant). Whereupon the person telephoning "Ronald" advised him "he needed 300 Rubies and a quarter-of-a-pound of pot." Prior to the testimony counsel for defendant objected to the allowance of this testimony, contending the search warrant was not an investigative warrant required under Code Ann. § 26-3001 (Ga. L. 1968, pp. 1249, 1327; 1976, pp. 1100); the officer had no permission to intercept the telephone call, that is, pick up the phone and answer it which was in violation of the right to privacy; and information furnished to him by the unknown and unidentified caller being pure hearsay was not a part of the res gestae and does not come within the course of conduct exception which had already been established at that time. The objection was overruled, and the officers allowed to testify as shown above. Defense counsel moved for a mistrial and the further conversation was allowed whereby the caller stated he would be by in about 45 minutes to pick up the drugs ("Rubies" and the "pot").

The first two enumerations of error complain of the allowance of this testimony in evidence and the denial of the motion for mistrial. The defendant was not present at the time of the search, but under Code § 38-302 the officers were in the course of a legal investigation, and information, that is, the conversation the officer received over the telephone contained facts to explain conduct and ascertain motives that "Ronald" was apparently in the drug business. The defendant ("Ronald") was eventually arrested and charged with the drugs found during the search. This evidence was substantial

evidence which could be used against the defendant with reference to the charge of possession of drugs. See *Leutner v. State,* 235 Ga. 77, 80 (3) (218 SE2d 820). We find nothing in Code Chapter 26-30 as to invasion of privacy with reference to receiving the telephone conversation which would prevent its use in evidence. *Satterfield v. State,* 127 Ga. App. 528, 530-531 (4) (194 SE2d 295). Compare *State v. Toomey,* 134 Ga. App. 343 (214 SE2d 421). The testimony was also relevant to show it referred to the defendant ("Ronald") in that he could have or was in fact maintaining direct contact with the residence being searched contrary to other defense witnesses' testimony that this was not his residence. It also established that defendant could have been or was in direct contact with the controlled substances found at the residence. The evidence was authorized to connect the defendant with the crimes charged and to explain why the investigator took out the criminal warrants for the defendant. Compare *Taylor v. State,* 143 Ga. App. 881, 882 (1) (240 SE2d 236). The substance of the telephone conversation was also admissible to identify the defendant and to demonstrate his modus operandi. *Laws v. State,* 153 Ga. App. 166, 167, 168 (2) (264 SE2d 700); *State v. Johnson,* 246 Ga. 654, 655 (1) (272 SE2d 321). There is no merit in these enumerations of error.

2. The trial court did not err in allowing certain of the state's exhibits in evidence and correctly held that a jury question was made out by this evidence as to the possession of the contraband drugs, the same being the brown paper bag in which marijuana and pills were found, the plastic bags that contained the marijuana and the plastic bags containing white tablets inscribed "LEMMON 714." There was sufficient other evidence to connect up the location of this contraband in a room of the mobile home to authorize a finding by the jury that it was the property of the defendant rather than his mother and father or any other occupant of this mobile home. See *Tuggle v. State,* 149 Ga. App. 634, 637 (7) (255 SE2d 104).

3. The trial court did not err in denying the defendant's motion for directed verdict of acquittal on the grounds that others had equal access to the premises searched and that the circumstantial evidence did not exclude every other reasonable hypothesis save the guilt of the defendant. The totality of the evidence was sufficient to connect the defendant to the possession of the drugs and to overcome his evidence contending he resided with his grandparents at another location even though the evidence would have authorized a finding that others had equal access to the drugs. *Smith v. State,* 56 Ga. App. 384 (192 SE 647); *Tuggle v. State,* 149 Ga. App. 634, 637 (7), supra; *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476). Compare *Smith v. State,* 156 Ga. App. 102 (1) (273 SE2d 918); *Benda v. State,*

142 Ga. App. 555 (236 SE2d 535). Here the court did charge as to equal access and equal opportunity but the jury, based upon the totality of the evidence, did not believe same but convicted the defendant as charged. There is no merit in these complaints.

4. The next enumeration of error complains that the trial court erred in failing to grant defendant's motion for a mistrial when the state introduced rebuttal testimony of a witness that on an occasion a week or two prior to the day that the drugs were found by the officers this witness had been with the defendant to the searched premises and "got some qualudes" from the general area in the mobile home which the witness believed to be the defendant's room. This testimony rebuts the testimony of the defendant that he did not reside there and establishes a motive for the defendant's possession and for identity as the person possessing the drugs found in this room of the mobile home, even though the possession of other drugs (qualudes) would nevertheless place his character in issue. See *State v. Johnson,* 246 Ga. 654 (1), 656, supra; *Laws v. State,* 153 Ga. App. 166, supra.

5. The trial court did not err in sustaining an objection of the state to a voir dire question of prospective jurors as to whether or not they would believe that where drugs were found in a specific location, or a specific residence, the one person that is arrested must be the guilty party although other suspects are possible. On voir dire the jurors should not be asked questions which might amount to a pre-judgment of the case. *Gunnin v. State,* 112 Ga. App. 720 (2) (146 SE2d 131); *Pinion v. State,* 225 Ga. 36, 37 (4) (165 SE2d 708); *Todd v. State,* 243 Ga. 539, 544 (7) (255 SE2d 5). The trial court has a broad discretion as to what questions can and cannot be asked during voir dire by opposing counsel and only a manifest abuse of that discretion constitutes reversible error. *Whitlock v. State,* 230 Ga. 700, 706 (198 SE2d 865). We find no abuse of discretion here.

6. During the charge the court instructed the jury as to actual and constructive possession but did not give language contained in a written request to charge with reference thereto that a finding of constructive possession must be based upon some connection between the defendant and the contraband other than *spatial proximity* and this connection can be established by evidence which shows the contraband was discovered on premises occupied by and under the control of the defendant with no equal right of access and occupancy in others. The defendant contends this written request was a correct statement of the law and should have been charged. However, the charge as requested was argumentative, and the trial court was not required to give it as requested. *Leutner v. State,* 235 Ga. 77, 81 (5), supra; *Crawford v. State,* 236 Ga. 491, 493 (224 SE2d

365); *Goodrum v. State,* 158 Ga. App. 602, 603 (3) (281 SE2d 254).

7. For the same reasons as those stated above, the trial court did not err in failing to give the defendant's written request to charge with reference to equal access inasmuch as he was not present at the time of the search. As stated above, the court having fully charged on the principle of actual and constructive possession, it was not required to give the charge requested in the exact language of the defendant's request.

8. The remaining request to charge was based upon an instruction that where contraband is found in a house the presumption is that such contraband was in the possession of the head of the household. In *Knighton v. State,* 248 Ga. 199 (282 SE2d 102), the head of the household statute found in Code § 53-501 was held by our Supreme Court to be unconstitutional under Orr v. Orr, 440 U. S. 268 (99 SC 1102, 59 LE2d 306). In Division 2 of the *Knighton* case, at page 200, the Supreme Court stated that, "the fact that the husband has been declared by statute to be the head of the household does not render it 'more likely than not' that he is the possessor of contraband found therein. County Court of Ulster County v. Allen [442 U. S. 140, 165 (99 SC 2213, 60 LE2d 777)]." This enumeration of error is wholly without merit.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 18, 1982.

*William Ralph Hill, Jr.,* for appellant.

*Stephen A. Williams, District Attorney, Michael C. Cherof, Assistant District Attorney,* for appellee.