## 63465. RAINS v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for unlawful possession of marijuana and methaqualone. His primary contentions are that he was the victim of an illegal search and seizure and that the evidence was insufficient to establish his possession of the contraband.

The defendant was arrested on the night of May 21, 1980, after the sheriff's office received a call for assistance on behalf of Diedre Cate, his live-in girlfriend. A sheriff's deputy encountered Ms. Cate at a residence on the road to the defendant's house. She was bleeding from the forehead and side and reported that the defendant had beaten and shot her. Based on this information, a justice of the peace was summoned to the scene, and the deputy swore out a warrant for the defendant's arrest on the charge of aggravated assault. The defendant was subsequently arrested in his house a short distance away, where, according to the deputy, he was seated at the top of the stairway to the second floor, "[k]ind of in a stupor . . . just staring at the stairwell, and had a shotgun laying on his lap with the hammer cocked." The contraband was found in plain view inside an open briefcase on the floor approximately three feet away. *Held:*

1. From the location of the contraband in relation to the defendant and his condition at the time of his arrest, a rational trier of fact could reasonably have concluded beyond a reasonable doubt that the defendant was in knowing possession of the contraband. See generally *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980).

2. The motion to suppress was based on a contention that the arrest warrant was invalid because the justice of the peace who issued it was not neutral and detached. We find no evidence to support this contention. The fact that the magistrate drove to the scene rather than requiring the deputy to come to him did not in and of itself constitute such an involvement in law enforcement activities on his part as to destroy his neutrality, nor was his neutrality compromised by the fact that he waited outside the defendant's house after issuing the warrant in order to observe the anticipated seige. The cases relied upon by the defendant are inapposite. In *Thomason v. State,* 148 Ga. App. 513 (251 SE2d 598) (1978), the magistrate was not merely present on the scene while the warrant was being executed, he drove some of the officers there and conferred with them during the search. In *Baggett v. State,* 132 Ga. App. 266 (208 SE2d 23) (1974), a *per se* rule of disqualification was applied where the magistrate was a part-time radio dispatcher for city officers, including police.

We also reject the defendant's contention that the justice of the peace was disqualified because of his testimony that he received his

warrant applications from the county at no cost. This fact could not reasonably have given him a vested interest in issuing warrants. Compare Connally v. Georgia, 429 U. S. 245 (97 SC 546, 50 LE2d 444) (1977). See also *Gordon v. State,* 150 Ga. App. 862 (1) (258 SE2d 664) (1979).

3. The trial court erred in admitting the arrest warrant as evidence. Its contents were relevant to no issue in the case, there being no dispute as to the manner of or reasons for its issuance. Cf. *Smith v. State,* 156 Ga. App. 102 (273 SE2d 918) (1980). However, the error was harmless as a matter of law. The only potentially prejudicial information contained in the document was the following allegation in the deputy's affidavit: "On information received from Diedre Cate subject did shoot her with a .410-gauge sawed-off shotgun." The affiant testified at trial that he had obtained the warrant on the basis of Ms. Cate's statement that the defendant shot her. The only thing added by the affidavit was an allegation as to the type of weapon used. In the context of all the evidence presented at trial, which included testimony that the defendant was holding a .410-gauge shotgun when arrested, it is "highly probable" that the reception of the written warrant as evidence did not contribute to the verdict. See generally *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

4. The testimony concerning the aggravated assault charge was not inadmissible over the objection that it placed the defendant's character in issue by showing the commission of a separate, independent offense. "[W]here evidence is relevant for the purpose of showing the circumstance of the arrest, it will not be excluded because it incidentally shows the commission of another crime." *Barber v. State,* 142 Ga. App. 156, 156-157 (235 SE2d 629) (1977). See also *Drake v. State,* 245 Ga. 798, 802 (267 SE2d 237) (1980).

5. Similarly, the court did not err in admitting as evidence the shotgun which the defendant was holding at the time of his arrest. The cases relied upon by the defendant do not require a contrary ruling, as in those cases the firearms introduced as evidence were not found on the defendant's person at the time of his arrest. See *Lane v. State,* 126 Ga. App. 375 (5) (190 SE2d 576) (1972); *Satterfield v. State,* 127 Ga. App. 528 (5) (194 SE2d 295) (1972); *Hickson v. State,* 138 Ga. App. 135 (3) (226 SE2d 2) (1976). The general rule is that weapons found on a defendant's person or in his immediate possession at the time of his arrest are admissible and may be weighed by the jury for what they are worth. See *State v. Luke,* 232 Ga. 815, 816 (209 SE2d 165) (1974); *Williams v. State,* 149 Ga. App. 34 (1) (253 SE2d 432) (1979).

6. The court did not err in denying the defendant's requests to charge Nos. 3, 4, 5, 6, 7, 9, and 10, as the applicable legal principles

contained in those requests were adequately covered in the court's instructions.

7. In charging that it is unlawful to possess marijuana and methaqualone, the court did not err in charging that it is also unlawful to sell those substances or to possess them with intent to distribute. All of these acts are prohibited under Code Ann. § 79A-811. "It is not usually cause for new trial that an entire Code section is given, even though a part of the charge may be inapplicable under the facts in evidence. *Keller v. State,* 245 Ga. 522 (1) (265 SE2d 813) (1980), and cits." *Mullis v. State,* 248 Ga. 338 (6), 340 (282 SE2d 334) (1981). The defendant has not indicated how he might have been prejudiced by the jury's being informed that the law prohibits the sale of marijuana and methaqualone and their possession with intention to distribute, and we find it highly probable that no such prejudice occurred.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 19, 1982.

*William Ralph Hill, Jr.,* for appellant.
*D. L. Lomenick, District Attorney,* for appellee.