## 65416. MOORE v. THE STATE.

BANKE, Judge.

Appellant Moore appeals his conviction of armed robbery with bodily injury and aggravated assault.

On October 8, 1981, the cashier at Terry's Foodland in Hapeville, Georgia, was robbed by three armed black men. Debbie Goetz was working in the cashier's booth when one of the men vaulted over the wall, pointed a pistol at her, and demanded all the money. He took $5,200 in payroll cash and a pistol and fled the store, brandishing both guns. Ms. Goetz gave pursuit, firing another pistol at him; and a store employee who was in the parking lot also began shooting at the fleeing robbers. In the exchange of gunfire a customer was shot by one of the robbers, at whom he had thrown a can of beans. The men drove away in a green Oldsmobile with the license plate REM 417. Ownership of this car was traced to appellant through a credit application to purchase the vehicle. Appellant was arrested on November 25, 1981, during the course of an armed robbery at a residence in northwest Atlanta, after he had held a woman and child hostage at gunpoint. Positive identifications of appellant were made by this woman and by the Foodland employees, both at pretrial photo and lineup confrontations and at trial. The wounded victim testified that he was not shot by appellant. The appellant offered no evidence. *Held:*

1. The trial court did not err in admitting testimony concerning the residential robbery at which the woman and child were held hostage, as this evidence was admissible to show the circumstances of appellant's arrest. See *State v. Luke,* 232 Ga. 815, 816 (209 SE2d 165) (1974); *Rains v. State,* 161 Ga. App. 361, 362 (4) (288 SE2d 626) (1982).

2. Appellant moved for a mistrial in response to testimony by a police officer concerning his investigation of the case to the effect that he "was summoned to DeKalb County Police Headquarters on November 25 in reference to a string of armed robberies that had been occurring all over the metro area." However, the "string of robberies" mentioned did not in fact refer to any other transactions in which appellant was allegedly involved; therefore the comment was not prejudicial, nor did it place appellant's character in evidence.

3. The evidence was sufficient to establish that appellant was a party to the crimes charged as defined by OCGA § 16-2-20 (former Code Ann. § 26-801). See generally *Bogan v. State,* 158 Ga. App. 1 (279 SE2d 229) (1981); *Gainey v. State,* 161 Ga. App. 343 (2) (287 SE2d 785) (1982). " 'The trial court's refusal to direct a verdict of acquittal is error only where there is no conflict in the evidence and a

verdict of acquittal is demanded as a matter of law.' [Former] Code Ann. § 27-1802 (a) [OCGA § 16-8-2]; [Cits.] . . . We have examined the transcript and conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. [Cit.]" *Paulk v. State,* 161 Ga. App. 89 (289 SE2d 257) (1982).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 26, 1983.

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wendy Shoob, H. Allen Moye, Assistant District Attorneys,* for appellee.