A89A1767. CROWE v. THE STATE.
(388 SE2d 24)

DEEN, Presiding Judge.

John C. Crowe appeals from his convictions of possession of cocaine with intent to distribute and possession of marijuana, contending that the trial court erred in denying his motion in limine. Crowe sought to prevent the State from introducing evidence that his wife had been charged with possession of marijuana and cocaine, and had entered a guilty plea to these offenses. *Held:*

The evidence showed that when police officers arrived to execute a search warrant at appellant's trailer, he was working with some tools near an old, inoperative van. The officers entered the trailer and observed appellant's wife packing some clothes. They executed the warrant and discovered one small bag of marijuana under a mattress and another in a box of clothes on the table. Marijuana seeds, hemostats, and a small set of scales were also found. A search of the van revealed the presence of more drug paraphernalia and seventeen small bags of marijuana inside a large trash bag under the hood of the van.

While the search was being conducted, Mrs. Crowe instructed her small son to get her pocketbook from appellant's automobile. As the child was walking across the yard with his mother's pocketbook, an officer noticed a bag of marijuana sticking out of it. When it was searched cocaine was discovered. Appellant informed the officers that the drugs found in his wife's pocketbook belonged to him and not to his wife. Sandra Crowe was charged with possession of the contraband and entered a guilty plea prior to trial.

The facts and circumstances of the execution of the search warrant and appellant's arrest were admissible as a part of the res gestae. As a general rule, all the circumstances connected with a defendant's arrest are admissible as a part of the res gestae. *Bishop v. State,* 155 Ga. App. 611, 612 (271 SE2d 743) (1980); *Hogsed v. State,* 150 Ga. App. 872, 873 (258 SE2d 688) (1979). Any error caused by the placing of Sandra Crowe's guilty plea into evidence was first created by appellant. His counsel asked Officer Blackwell if criminal charges had been filed against her, if she had been indicted, if she was charged with the items found in her pocketbook, if she had negotiated a guilty plea with the District Attorney's office, and if she had been placed on probation. Counsel further elicited testimony about her guilty plea

from another officer and from her husband. When a party himself induces error, he cannot be heard to complain about it on appeal. *Bess v. State*, 187 Ga. App. 185, 189 (369 SE2d 784) (1988); *Chambley v. State*, 177 Ga. App. 630 (340 SE2d 635) (1986). Accordingly, the trial court did not err in permitting a copy of Mrs. Crowe's guilty plea to be entered into evidence.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 2, 1989.

*Cook & Palmour, A. Kristina Connelly*, for appellant.
*Ralph Van Pelt, Jr., District Attorney, Susan Sarratt, Assistant District Attorney*, for appellee.