A92A2378. REUTO v. THE STATE.
(430 SE2d 55)

BIRDSONG, Presiding Judge.

Johnny Reuto a/k/a Johnny Ravenell appeals his convictions for two sales of cocaine to an undercover police officer. He contends that the trial court erred by admitting into evidence prosecution Exhibit No. 2 (a ziplock plastic bag, containing a piece of tinfoil identified as containing 3.5 grams of cocaine hydrochloride) without requiring the State to prove a proper chain of custody, by depriving him of his right to confront and cross-examine witnesses who would have been called if all persons having custody of the cocaine had been called to testify, by denying his motion for a directed verdict of acquittal on Count 1 because of the inadmissibility of Exhibit No. 2, by allowing the State to prove that he had a pistol in his possession when he was arrested, and by returning the jury for further deliberation after the jury indicated that they were deadlocked. *Held:*

1. Reuto's first three enumerations of error all concern the trial court's admission in evidence of prosecution Exhibit No. 2, the cocaine allegedly purchased on March 6, 1990. Reuto contends the trial court erroneously admitted Exhibit No. 2 in evidence because the prosecution did not call every police officer who had custody of the cocaine. We find no error. The transcript shows the prosecution called Officer Woods, who purchased the cocaine from Reuto and who marked the cocaine with her initials, and that she identified prosecution Exhibit No. 2 as the cocaine purchased on March 6, 1990. Officer

Woods testified that after marking the exhibit, she gave the item to Officer Wells, and Officer Wells then testified that he turned the item over to Officer Francisco. The prosecution also called the chemist from the Georgia Bureau of Investigation who testified that he received the item as marked, later identified as prosecution Exhibit No. 2, from Officer Francisco, tested the item, and subsequently identified the item as cocaine.

Nothing in the record suggests that the exhibit was tampered with in any manner, and there was no testimony that there had been tampering. Therefore, the evidence established with reasonable certainty that Exhibit No. 2 was the same item that Officer Woods purchased from Reuto and there is no evidence of tampering or substitution of the exhibit. Under this evidence, we find no error. "Where the State seeks to introduce evidence of a fungible nature, it need only show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the substance or testimony relating to it inadmissible. The trial court was authorized to conclude that the state had met its burden with respect to the establishment of the chain of custody in the present case. There being, at most, bare speculation of tampering or substitution, the trial court correctly admitted the cocaine into evidence." (Citations and punctuation omitted.) *Williams v. State*, 199 Ga. App. 122, 123 (404 SE2d 296).

Accordingly, the trial court did not err by admitting this evidence, did not err by not requiring the prosecution to call Officer Francisco, and since Exhibit No. 2 was properly admitted, did not err by denying Reuto's motion for a directed verdict of acquittal. Therefore, Rueto's first, second, and third enumerations of error are without merit.

2. The fourth enumeration of error contends the trial court erred by allowing to be presented irrelevant testimony that Reuto had two pistols in his possession when he was arrested. Reuto argues that this testimony placed his character in issue. Not all evidence that places a defendant's character in issue, however, is inadmissible, and relevant and material evidence is not inadmissible because the evidence incidentally places the defendant's character in issue. *Richie v. State*, 258 Ga. 361, 362 (369 SE2d 740). Consequently, as the circumstances connected with a defendant's arrest are admissible generally as a part of the res gestae (*Crowe v. State*, 193 Ga. App. 385 (388 SE2d 24)), we find no error. Additionally, even if the evidence is of questionable relevancy, our rule is that the evidence should be admitted with the weight to be afforded the testimony left for the jury. *Harris v. State*, 183 Ga. App. 219, 221 (358 SE2d 634).

3. Reuto's final enumeration of error contends the trial court erred by instructing the jury to deliberate further and try for a unanimous verdict after the jury advised they were unable to reach a verdict after approximately two hours of deliberation. Review of the transcript, however, shows that Reuto did not object to this procedure in the trial court. Consequently, there is nothing for us to review because this issue is raised for the first time on appeal. *Scott v. State*, 243 Ga. 233, 234-235 (253 SE2d 698); *Cooper v. State*, 173 Ga. App. 254, 256 (325 SE2d 877). Therefore, this enumeration of error is also without merit.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 8, 1993 —
RECONSIDERATION DISMISSED MARCH 30, 1993

*Hawk, Hawk & Lyons, Jacque D. Hawk*, for appellant.
*Michael C. Eubanks, District Attorney, Richard E. Thomas, Daniel W. Hamilton, Assistant District Attorneys*, for appellee.