33778.   JOHNSON *v.* THE STATE.

746

DECIDED OCTOBER 18, 1951.

*Edwin Fortson, James W. Arnold,* for plaintiff in error.

*D. M. Pollock, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The first ground of the amended motion for a new trial complains that the court, over objection to the question on redirect examination— "Mr. Arnold asked you the question of whether or not you ever arrested this boy for liquor, I will ask you if you have had some reports on him?"—permitted the State's witness to reply: "I have had reports about him in regard to his being connected with the liquor business. I have had numerous reports. The night before we arrested him, I had reports about him. The night we arrested him I had a report that this car was supposed to go to Washington, Georgia. I have never arrested him before this time, but I had had reports about him dealing in whisky." On cross-examination counsel for the defendant had asked the witness whether he had ever arrested the defendant for handling liquor, to which the witness replied in the negative. At the time that counsel objected to the question as to whether the police officer had received reports of the defendant being engaged in the liquor business, the court said, "Haven't you put his character in evidence?" to which counsel replied that he had put his character in evidence only as to liquor, whereupon the court ruled that he would confine the answer to reports of his reputation as to liquor dealings.

Counsel for the defendant in his brief contends that the

testimony was objectionable as hearsay, and also on the ground that evidence as to character must be limited to general reputation rather than specific transactions. Insofar as the testimony is hearsay, it is admissible not to prove the truth of the averments therein but to show a matter of inducement as a result of which the officers chased down the defendant's automobile on the night in question, and in such case "it is better to admit the fact of the conversation but to exclude all the details and particulars of the same." *Kelly* v. *State*, 82 *Ga.* 441 (3) (9 S. E. 171). See also *Phillips* v. *State*, 206 *Ga.* 419 (3) (57 S. E. 2d, 555). Two other witnesses testified without objection that they were looking for the defendant on the night in question because of information received by them. Testimony, even though illegally admitted over proper objection, will not constitute reversible error where substantially the same testimony is later introduced without objection. See Code (Ann.), § 70-203, catchword, "Same evidence."

As to the objection on the ground that it was not the proper method of introducing evidence as to character, it appears to us that the question of defendant's counsel here as to whether the defendant had ever been arrested for liquor violations, where no objection is made, is equivalent to an inquiry as to his reputation for liquor violations. This was in fact conceded by counsel for the defendant during the trial of the case. As stated in *McKenzie* v. *State*, 8 *Ga. App.* 124 (2) (68 S. E. 622): "The rule which permits the prosecution to rebut evidence adduced for the purpose of proving the defendant's good character is not affected by the fact that the witness used for the purpose of showing good character was called to the stand by the State." This was the case here, and if we are correct in assuming that a question as to whether the defendant had ever been arrested for liquor violation was equivalent to inquiring as to his reputation in this regard, a question in rebuttal concerning the existence of reports about the defendant's conduct must also be construed as further inquiry into his reputation in regard to liquor transactions. The witness did not mention any specific report except the one which caused them to search for the defendant the night the whisky was found. As has been pointed out, other witnesses also testified that such information was received on that night.

The rule that it is not permissible, in rebuttal of evidence as to good character, to prove specific acts, except on cross-examination for the purpose of testing the witness's knowledge, or for impeachment, is recognized. *Mimbs* v. *State*, 189 *Ga.* 189 (2) (5 S. E. 2d, 770). However, the testimony complained of here is not error requiring the grant of a new trial.

■ The second ground of the amended motion for a new trial complains of the failure of the court to charge without request the law as to circumstantial evidence. The conviction does not rest entirely on circumstantial evidence, since the State's witness swore positively and directly that he recognized the defendant as the driver of the automobile in which the whisky was found, and recognized the automobile as one belonging to him. Where the conviction does not depend entirely upon circumstantial evidence it is not error to fail to charge this principle of law in the absence of request. *Morris* v. *State*, 51 *Ga. App.* 145 (179 S. E. 822); *Banks* v. *State*, 13 *Ga. App.* 182 (78 S. E. 1014).

■ Complaint is made that the court erred in charging the jury as follows: "I charge you a man cannot be guilty of transporting whisky unless he possesses it."

The indictment was in two counts, one for possessing and the other for transporting illegal liquor. The excerpt of the charge complained of was a correct instruction to the jury that if they found the defendant not guilty on the charge of possessing liquor, a verdict of guilty on the charge of transporting it would be illegal. It was not error as being argumentative, prejudicial, or an expression of opinion. This contention is without merit.

■ As to the general grounds, the defendant sought to prove that he was not the man driving his automobile at the time it was captured by the police with a load of liquor, on the ground that he had left it at a garage the previous night and that it had been stolen by some third party. This the defendant claimed happened the night before the car was seized and four days before he was arrested. He did not claim to have reported the theft to the police during this time, nor did the owner of the garage. A witness for the State not only testified positively that he identified the defendant as the driver of the automobile, but that he also stopped him the night before, around midnight, driving the same automobile, and searched the car and examined

his driver's license. It was not disputed that the vehicle at the time it was apprehended was being used to transport 66 gallons of non-tax-paid liquor. The evidence was therefore sufficient to support the verdict of guilty as to both counts.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*