## 34143. LONGSHORE v. THE STATE.

JORDAN, Justice.

George Longshore, III, age 16 at the time, was convicted of the murder of his father, sentenced to life imprisonment, and appeals. For a previous appearance of this case see *Longshore v. State,* 239 Ga. 437 (238 SE2d 22) (1977).

The uncontradicted facts as set forth in the appellant's brief are as follows:

The appellant did some chores around the home for his parents on Saturday, January 22, 1977, and that afternoon his mother drove him over to a friend's house as he did not have a driver's license. He returned home around 8:30 p.m., ate supper, and watched television with his mother, his father, and his two brothers. He was told to take a bath around 11 p.m. While he was bathing his mother went into the bathroom and asked him where the car keys were. He told her to look in her purse. She said she knew he had the keys and was going to tell his father. Mrs. Longshore reported this to her husband who told her to tell the appellant that he wanted to talk with him when he finished his bath. The appellant had planned on taking the car later that night. He finished his bath and got dressed, walked down the hall, got his father's 12 gauge shotgun and loaded it. He returned to the kitchen area.

Mrs. Longshore heard a noise, turned around and saw her husband shot in the head. She saw her son standing behind her with a shotgun. The appellant then shot his mother in the arm.

One of the appellant's brothers was awakened by the shots, walked into the room and took the gun from the appellant. Mrs. Longshore asked the appellant to help her. The appellant called the operator but they had an argument and he hung up evidently without being able to communicate to her the problem.

The appellant then left home driving the family car. He went to the home of a friend whom he had visited earlier in the afternoon and told him that he wanted to talk to him. They went to a store to get some cigarettes and beer and on the way back home were stopped by the police. The appellant gave the policeman a false name. After checking his I. D. the policeman took the appellant to the police station.

The appellant told the police at the time he could not recall the events and the details of the shooting. However, some 20 hours later he was able to recall the details and related them to the police. In his sworn testimony given at the trial he testified almost identically to his mother in giving the details regarding the shooting.

1. The main thrust of this appeal is that the verdict was not authorized since the appellant was temporarily insane at the time of the shooting. The enumeration of errors raising this issue are based on the testimony of the appellant's mother on cross examination to the effect that the appellant "did not know what he was doing" at the time of the shooting, and that at the time he "looked like a stranger"; the testimony of a psychiatrist that in his opinion the appellant could not distinguish between right and wrong at the time of the shooting; and the appellant's own testimony that he did not remember any of the details of the shooting at the time the incident occurred.

The state of mind of the appellant was the crucial issue on the trial of this case. Under Georgia law an individual's sanity is presumed. Code Ann. § 26-606; *Durham v. State,* 239 Ga. 697 (238 SE2d 334) (1977); *Grace v. Hopper,* 234 Ga. 669 (217 SE2d 267) (1975), cert. den. 423 U. S. 1066 (1976); Grace v. Hopper, 425 FSupp.

1355 (M. D. Ga. 1977), reversed, 566 F2d 507 (5th Cir. 1978). To overcome this presumption a defendant must show by the preponderance of the evidence that he was not criminally responsible at the time of the commission of the act. This requirement has been recognized by the United States Supreme Court in Patterson v. New York, 432 U. S. 197 (53 LE2d 281) (1977).

It is well established in Georgia law that jurors may accept or reject the testimony of lay or expert witnesses as to the sanity of a defendant and rely on the basic presumption of sanity as set out by the law. *Carter v. State,* 225 Ga. 310 (168 SE2d 158) (1969). The testimony set forth above was sufficient to authorize the jury to conclude that the appellant was suffering some mental aberration at the time of the shooting. By the same token this testimony did not demand a finding of temporary insanity at such time. We have held many times that the weight and credibility to be given the testimony of witnesses is in the exclusive province of the jury. *Hogan v. State,* 221 Ga. 9 (142 SE2d 778) (1965); *Strong v. State,* 232 Ga. 294 (206 SE2d 461) (1974). In *Fields v. State,* 221 Ga. 307 (144 SE2d 339) (1965) several experts testified as to the appellant's insanity and we held that the jury was free to reject the expert testimony as to sanity and could properly find the appellant sane even without positive testimony as to sanity.

The jury in this case after hearing all the testimony reached a verdict and decided that the presumption of sanity had not been overcome by a preponderance of the evidence. This finding was sanctioned by the trial judge when he overruled the appellant's motion for a new trial and will not be disturbed on appeal.

2. We find no error in the admission of the police detective's testimony as to the appellant's confession, especially in view of the fact that the appellant testified substantially the same at the trial.

3. The trial court did not err in failing to charge Code § 26-702 in the exact words of the Code Section. The trial judge charged as follows: "Our law declares that a person shall not be convicted of any crime while insane. The test is that if a man has reason sufficient to distinguish between right and wrong in relation to a particular act

about to be committed, he is criminally responsible. The standard by which his acts are to be judged is that of the conduct of a reasonable person. To be punishable by law, a person must have sufficient memory, intelligence, reason and will to enable him to distinguish between right and wrong in regard to the particular act about to be done, to know and understand that it will be wrong and that he will deserve punishment by committing it."

This portion of the charge is more complete and more favorable to the defendant than the language contained in the Code. We note that it is identical to the pattern instructions on this subject suggested by the Council of Superior Court Judges.

We have carefully examined this record detailing the events connected with this very tragic occurrence but find no reversible error.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 11, 1978 — DECIDED DECEMBER 5, 1978.

*Langstaff, Campbell & Plowden, R. Edgar Campbell,* for appellant.

*Arthur K. Bolton, Attorney General, W. Davis Hewitt, Staff Assistant Attorney General, William S. Lee, District Attorney, Loring A. Gray, Jr., Assistant District Attorney,* for appellee.