## 36304. FULGHUM v. THE STATE.

BOWLES, Justice.

Thomas A. Fulghum, appellant, was indicted in Fulton County, Georgia on July 13, 1979 for the murder of Dale Pirnie which is alleged to have occurred on July 9th of that same year. He was tried by a jury, found guilty and received a life sentence. A motion for new trial was overruled by the trial court and he appeals his conviction and sentence to this court.

We affirm.

Although appellant specifies two grounds in his enumeration of errors, both are closely related. First he contends that the verdict is not supported by the evidence and as a result is contrary to law, or what is referred to as general grounds. Additionally, he complains that the trial court erred in failing to grant his motion for a directed verdict of not guilty by reason of insanity. Both contentions have been argued together, and will be considered jointly in this opinion.

The evidence presented by the State depict a gruesome killing of a young female in her apartment in Atlanta, Fulton County, Georgia on the alleged date. The victim had been disemboweled and a butcher knife with a 12-inch blade was plunged into the unclothed upper part of her body. Her internal organs had been removed. She suffered 44 separate stab wounds in the trunk and chest which were

the cause of death. Various witnesses testified about the victim being alive just prior to the homicide, both male and female screams coming from the apartment and finding appellant sitting on the steps of the apartments' entrance hall holding a bloody jar. Appellant told one of the witnesses that something bad had happened. He was covered with blood and the small finger of his left hand had been severed. A large quantity of blood was scattered throughout the apartment and several internal organs were found in the bathtub. Appellant's severed finger was recovered from the apartment. Even now appellant does not contend he did not take the victim's life.

Several witnesses testified on behalf of appellant's insanity defense. Briefly, the ambulance driver who was summoned to the scene thought that appellant had behaved abnormally. Dr. David J. Moore a psychiatrist who had treated appellant in Florida on three separate occasions testified as to various acts committed by appellant from July, 1976 to January, 1979. According to Dr. Moore appellant had a religious obsession concerning the devil and had at various times attempted to pull his eyes out and kill himself. He concluded that appellant had suffered from paranoid schizophrenia and delusional thinking although appellant had no defects in his memory or objective judgment. The witness' last personal contact with appellant had been in January, 1978. Family members testified concerning appellant's religious obsessions and various hospital commitments. Dr. Lloyd T. Baccus, a psychiatrist, who examined appellant under a court order, concluded that appellant was a paranoid schizophrenic, chronic type. It was his opinion that appellant had attempted to convert Ms. Pirnie and then had seen her as a personification of Satan. This had led to appellant's act of murder. He concluded that appellant had committed the crime as "a function of his delusional system" and had felt he had done the right thing. The witness also testified that when he interviewed appellant he had found him neat, had spoken coherently and was intelligent. He agreed that appellant was intelligent enough to feign insanity. He also testified that appellant probably would not have killed Pirnie had a police officer been present. The State offered rebuttal testimony from police officers who had observed appellant in the county jail over a two-month period prior to trial. Both officers testified that appellant had not behaved unusually and had appeared normal. Dr. Baccus on recall stated that it was possible for appellant to behave normally when not speaking about his religious delusions.

It is well recognized that under the law of this state, an individual's sanity is presumed. Code Ann. § 26-606; *Moses v. State,* 245

Ga. 180 (263 SE2d 916) (1980); *Longshore v. State,* 242 Ga. 689, 690 (251 SE2d 280) (1978); *Grace v. Hopper,* 234 Ga. 669 (217 SE2d 267) (1975) cert. den. 423 U. S. 1066. The presentation of evidence to the contrary does not dissipate the presumption of sanity which exists by law. *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978). Compare, also, *Johnson v. State,* 235 Ga. 486 (220 SE2d 448) (1975). Although a person may have been previously committed, the presumption of sanity returns when he is discharged from institutional confinement. *Durham v. State,* 239 Ga. 697 (1) (238 SE2d 334) (1977). "Jurors are free to reject the testimony of lay or expert witnesses as to the sanity of the accused, and to rely on the presumption of sanity." *Durham v. State,* supra, at 699; *Fields v. State,* 221 Ga. 307 (144 SE2d 339) (1965); *Moses v. State,* 245 Ga. 180 (1), supra.

None of the witnesses testified as to appellant's behavior at the exact time of the commission of the crime under investigation. Certain witnesses' testimony indicated that appellant did know what he had done and knew the consequences of his act. Appellant admitted shortly after the crime that something "bad had happened." Appellant acted normally during the two-month period prior to trial and had not behaved irrationally. Even appellant's expert concluded that in his opinion appellant would not have committed the crime had there been police authorities present. This indicated that appellant realized his conduct was wrong and against the laws of the state. The criteria necessary to support a defense of delusional compulsion is not shown by the evidence. *Graham v. State,* 236 Ga. 378, 379 (223 SE2d 803) (1976); *Taylor v. State,* 243 Ga. 222, 227 (253 SE2d 191) (1979). We conclude there was sufficient evidence for the trial judge to allow the question of guilt or innocence to go to the jury, and that it was proper for the court to deny a request for directed verdict by reason of insanity. In our opinion, it is clear that the evidence viewed in the light most favorable to the verdict would enable a rational fact finder to find the appellant guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 30, 1980 — DECIDED JULY 16, 1980.

*Stephen Friedberg,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.