### 66318. KIRK v. THE STATE.

SHULMAN, Chief Judge.

A jury convicted appellant of kidnapping Rita Polk, a child under the age of 16. Ga. L. 1968, p. 1249, § 1.[1] Enumerating 34 alleged trial errors, appellant now seeks reversal of his conviction.

1. Appellant first argues that his motion for new trial based on the general grounds was erroneously denied. The statute which appellant was found guilty of violating defined kidnapping as that which occurs when "[a] person over the age of 17 . . . forcibly, maliciously or fraudulently leads, takes, carries away, decoys, or entices away any child under the age of 16 years against the will of the child's parents or other person having lawful custody." OCGA § 16-5-40(b) (Code Ann. § 26-1311) (Ga. L. 1981, Ex. Sess., p. 8). Appellant maintains that neither the age of the child nor the fact that she was taken against the will of her parents was proven.

While it is true that no witness ever testified specifically as to the age of the child at the time of the kidnapping, her father stated that

---

[1] The crime, formerly codified in OCGA § 16-5-40(b) (Code Ann. § 26-1311), is presently subsumed under the general kidnapping statute found in OCGA § 16-5-40(a) (Code Ann. § 26-1311) (Ga. L. 1982, p. 970, § 1).

his oldest child was a male aged 13 and that the younger of his two daughters was named Sandra and was 10 years old. While it certainly would have been easier if someone had been asked about Rita's age, we cannot say that the state failed to prove that Rita was under 16 years of age. Insofar as parental permission is concerned, Rita's father testified that he had not given anyone permission to remove his daughter from his house and neither had his wife, to the best of his knowledge. Mrs. Polk did not testify. Since appellant's defense was insanity rather than that he had parental consent for his action, the father's testimony was sufficient to carry the state's burden with regard to parental permission.

2. Several days prior to the commencement of appellant's trial, defense counsel sought a continuance on the grounds of attorney ill health (OCGA § 17-8-24 (Code Ann. § 81-1413)) and the desire to have appellant undergo a thorough psychiatric analysis. An attorney who subsequently assisted defense counsel at trial argued the ill health portion of the motion while the ailing attorney presented the second ground. Although the motion was denied, the court agreed to the state's suggestion that the trial be delayed for two days. Appellant now takes issue with the ruling which denied that part of his motion based on his attorney's ill health.

"The illness . . . of counsel where there is but one, or of the leading counsel where there are more than one, shall be a sufficient ground for continuance, provided that the party making the application will swear that he cannot go safely to trial without the services of the absent counsel, that he expects his services at the next term, and that the application is not made for delay only." OCGA § 17-8-24 (Code Ann. § 81-1413). "Generally, granting or refusing a continuance is a matter within the discretion of the trial court, and unless abused, such discretion will not be controlled. [Cits.]" *McLendon v. State,* 123 Ga. App. 290, 297 (180 SE2d 567). "The counsel himself is not, under all circumstances, the judge of whether he was merely indisposed, or whether his illness is such as is contemplated in the Code, § [17-8-24 (Code Ann. § 81-1413)]; for the court is the tribunal vested with the authority to decide from the facts and circumstances of this case as to whether the illness was a legal illness." *McKenzie v. State,* 72 Ga. App. 208, 216 (33 SE2d 539). "When counsel whose illness is the ground of the motion is himself in court presenting and urging the motion, the court is authorized, in the determination of the question whether the condition of counsel is such that the interests of justice demand a postponement of the case, to take into consideration the general appearance of counsel and the mental and physical vigor displayed in the presentation of the motion; and when such a motion is overruled, this court may take into

consideration what appears in the record as to the manner in which counsel conducted the case, in determining whether there has been such an abuse of discretion in refusing the continuance as to require a reversal of the judgment." *Rawlins v. State,* 124 Ga. 31 (Hn. 19) (52 SE 1). Having reviewed the record with the above considerations in mind, we are convinced that the trial court did not abuse its discretion in denying the motion for continuance on this ground. *Wallis v. State,* 137 Ga. App. 457 (224 SE2d 91), and its progeny are not applicable to the situation presently before us since they are concerned with the denial of a defendant's motion for continuance due to the absence of his attorney when that denial results in the denial of the defendant's right to be represented by counsel of his own choice for reasons beyond the control of the defendant.

3. During voir dire, a juror stated that she had formed the opinion that the child had been kidnapped. The trial court denied appellant's motion to strike the juror for cause after it was ascertained that the prospective juror had not formed or expressed an opinion as to the guilt or innocence of the accused, had no bias or prejudice for or against the accused, and would base her decision as a juror solely on the evidence presented and the law contained in the charge of the court. Appellant now presents the denial of his motion to strike for cause to this court for review.

"[I]f a challenge is made and improperly overruled by the court, but the juror so challenged for cause does not serve because subsequently struck by the complaining party, such ruling by the court is not error *unless it appears that the party had to exhaust his peremptory challenges in order to strike that juror.* [Cit.]" *Bradham v. State,* 243 Ga. 638 (3) (256 SE2d 331). Assuming arguendo that the juror in question was indeed struck through the use of one of appellant's peremptory strikes, no reversible error occurred when the trial court refused to remove her for cause. In the first place, there is no evidence that appellant exhausted his peremptory challenges before the jury was selected. Compare *Hutcheson v. State,* 246 Ga. 13 (2) (268 SE2d 643). Secondly, the potential juror's answers to the questions propounded by the trial court and the assistant district attorney demonstrated that her opinion "would not cause her to be prejudiced against the defendant, nor impair her ability to be impartial, [that she would be able] to consider the issues based solely on the evidence, and to make fair decisions and give the defendant a fair trial. As such, she was a qualified juror. [Cits.]" *Grant v. State,* 160 Ga. App. 837 (4) (287 SE2d 681). Thus, the challenge for cause was properly overruled.

4. The trial court sustained an objection to questions asked by defense counsel, who was attempting to adduce information

regarding the economic condition of the victim's home. Appellant admits that the child's poverty cannot serve as justification for his act, but he maintains that the evidence was admissible to illustrate his mental state and to make the incriminating statement he gave police an admission rather than a confession. When counsel resumed questioning the witness, he successfully elicited the testimony he had been seeking, thus mooting his enumerated error.

5. A psychiatrist was called to the stand by appellant, and several of appellant's enumerated errors concern the sustaining of objections to questions put to the doctor by appellant's counsel. None of the enumerated rulings is reversible error.

Whether or not the doctor would have preferred to have been able to conduct tests on appellant before testifying is irrelevant to appellant's actions and his sanity, the issues at hand. This is especially true in the case at bar where the psychiatrist had already given his opinion as to the state of appellant's mental health. Whether appellant should be hospitalized for treatment was irrelevant since, as the trial court noted, it was appellant's mental condition on the night of the crime which was important. We note parenthetically that the trial court permitted the doctor to answer the question on redirect examination in light of the state's recross of the witness. There was no error in sustaining an objection to a question which asked the doctor's opinion of the status of appellant's mental health at trial. It is his mental condition when the crime was committed that is important, and the psychiatrist was allowed to testify at great length as to appellant's mental condition at that time. Inasmuch as no amount of citation of authority would have strengthened appellant's position with regard to this issue, it was not error for the trial court to refuse to hear appellant's counsel on the point after the ruling had been handed down.

Appellant's counsel inquired of the psychiatrist whether he saw anything in appellant's background which indicated that appellant's intoxication was the excuse for appellant's action. The state's objection to the question was properly sustained since the witness was not qualified to answer the inquiry. The trial court properly sustained the state's objection when appellant's counsel asked the doctor if he had any doubt that on the date of the kidnapping, appellant fit the legal definition of insanity. While the psychiatrist was competent to give an opinion as to appellant's sanity, he was not asked to give his opinion. Instead, he was asked to make a legal conclusion, thereby invading the province of the jury.

6. Appellant also called a friend to testify in his behalf, and he now argues that the friend was improperly refused the opportunity to state his opinion of appellant's mental state. We agree with

appellant's assertion that a lay person may give his opinion regarding the sanity of a defendant. *Chancellor v. State,* 165 Ga. App. 365 (17) (301 SE2d 294). However, the witness must give sufficient facts to form the basis of his opinion. Id. In the case at bar, the witness was asked his opinion of appellant's sanity on the date of the kidnapping. However, the witness stated that he was not working with appellant at the time of the act in question. There being no basis for the witness' opinion of appellant's sanity on the date of the kidnapping, there was no error in sustaining an objection to the question.

7. Hearsay evidence offered only for the limited purpose of impeachment is admissible. *Burke v. State,* 163 Ga. App. 67 (1) (293 SE2d 872). Thus, it was not error to allow the investigating detective to testify as to what he had been told by one of appellant's witnesses after that witness denied making the statement.

8. Appellant cites the denial of his motion for mistrial as reversible error. In making his motion, appellant contended that the state's cross-examination of the psychiatrist had been improper, thereby denying him rights of due process, equal protection, and effective assistance of counsel guaranteed him by the Fifth, Sixth, and Fourteenth Amendments to the U. S. Constitution. The motion was made the day after the witness had testified and been excused. On appeal, appellant argues that he was denied effective assistance of counsel when the trial court refused to continue the case in order that appellant might undergo psychiatric evaluation.

"The granting [of] or refusal to grant a mistrial lies within the discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. [Cit.]" *Patterson v. State,* 239 Ga. 409 (2) (238 SE2d 2). " 'A mistrial will not lie where the evidence is admitted without objection. [Cit.]' " *Whatley v. State,* 165 Ga. App. 13 (2) (299 SE2d 87); *McCormick v. State,* 152 Ga. App. 14 (2) (262 SE2d 173). Inasmuch as the trial transcript reflects that appellant failed to voice an objection to the district attorney's cross-examination of the psychiatrist on these grounds while he was questioning him, we cannot say that the refusal to grant a mistrial was an abuse of discretion.

9. The remainder of appellant's enumerated errors are concerned with the content of the trial court's charge to the jury. Contrary to appellant's assertion, the trial court's instruction on insanity was complete without a reference to the defense of delusional compulsion. Before such a defense is available, it must appear that appellant was acting under a delusion which, if true, would justify his action. *Brown v. State,* 228 Ga. 215, 217 (184 SE2d 655). Since the delusion allegedly suffered by appellant (that he could give the victim a better life economically) does not justify kidnapping

the child, a charge on delusional compulsion was not authorized. The charge, as given, correctly informed the jury that appellant could not be found guilty if, at the time of the act, he was unable mentally to distinguish right from wrong. OCGA § 16-3-2 (Code Ann. § 26-702). The instruction that mental abnormality or weakness of mind did not excuse appellant's actions unless the abnormality or weakness was tantamount to imbecility or idiocy which deprived the actor of the ability to distinguish right from wrong was a correct statement of the law, and the charge, taken as a whole, was not erroneous. *Blair v. State,* 245 Ga. 611 (4) (266 SE2d 214).

10. The jury was instructed that if it found appellant not guilty by reason of insanity, the trial judge would order appellant to be confined in a state mental hospital. Appellant argues that OCGA § 17-7-130 (Code Ann. § 27-1502) should have been cited. However, that Code section is applicable only when there is filed a pleading which alleges that the defendant is mentally incompetent to stand trial. OCGA § 17-7-130(a) (Code Ann. § 27-1502). No question of appellant's competency to stand trial was ever raised; therefore, the failure to charge the jury on § 17-7-130 (Code Ann. § 27-1502) was not error.

11. Appellant is of the opinion that the instruction with regard to the burden of proof when insanity is presented as a defense was erroneous, confusing and misleading. Appellant's contention hinges on the fact that the trial court mistakenly said "sanity" instead of "insanity" in one sentence of the charge. The slip of the tongue was immediately rectified in the next sentence in which the trial court stated that the burden was on the defendant to establish his defense of insanity by a preponderance of the evidence. No reversible error occurred. *Gober v. State,* 247 Ga. 652 (3) (278 SE2d 386). This point of law was then followed by a charge that a reasonable doubt as to appellant's sanity warranted acquittal. Appellant argues that the last two propositions are antagonistic and misleading, resulting in reversible error. That the state must prove sanity beyond a reasonable doubt is not antagonistic to the notion that the defendant has the burden to establish his insanity by a preponderance of the evidence. The enumerated error is without merit.

12. Appellant argues that the trial court erred by over-emphasizing to the jury that motive was not an essential element of the crime. We would hardly call the mere statement of this legal principle an overemphasis.

13. Appellant maintains that the trial court's charge on criminal intent was antagonistic to the defense of insanity. We do not find this to be reversible error. The evidence of possible insanity put on by appellant required a charge on that defense. However, the giving of

that charge did not preclude the possibility that the jury would reject that defense. The criminal intent charge had to be given in anticipation of just such a rejection. Since both charges were necessary and accurate, there was no error in instructing the jury on both legal principles. See *Bell v. State,* 162 Ga. App. 527 (3) (292 SE2d 114).

14. Appellant waived any right to raise as an issue on appeal any alleged error in the trial court's recharge to the jury when, upon the trial court's inquiry, he neither voiced an objection to the recharge as given nor reserved the right to later object. *Jackson v. State,* 246 Ga. 459 (271 SE2d 855).

15. After six hours of deliberation, the jury reported that it was not making progress. The trial court then delivered a dynamite charge which appellant now contends was violative of his right to due process of law. Once again, however, we refuse to consider this enumerated error since defense counsel waived any objections under OCGA § 5-5-24 (Code Ann. § 70-207) when he stated, in response to the trial court's query, that he had no exceptions to the dynamite charge as given. *Jackson v. State,* supra.

16. The remainder of appellant's enumerated errors are concerned with charges requested by appellant but allegedly not given to the jury by the trial court. Although the trial court did not use the phraseology suggested by appellant, it satisfactorily charged the jury that appellant was presumed innocent; that a verdict of not guilty must be rendered if it was determined that appellant was not mentally capable of distinguishing right from wrong; that intent was an essential element of the crime which the state had to prove beyond a reasonable doubt; that the state had to prove all elements of the crime beyond a reasonable doubt; and that the jury had to determine whether the requisite intent had been proven. No error resulted from the trial court's refusal to use appellant's charges on these issues. *Stevens v. State,* 247 Ga. 698 (8) (278 SE2d 398).

17. As was discussed in Division 9, a charge on delusional compulsion was not authorized by the evidence.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 12, 1983 —
REHEARING DENIED SEPTEMBER 29, 1983 — ▆▆▆▆▆▆▆

*James I. Parker,* for appellant.
*William A. Foster III, District Attorney, Jeffrey L. Ballew, Assistant District Attorney,* for appellee.