## 40470. KIRK v. THE STATE.

WELTNER, Justice.

Kirk was convicted of enticing away a female child under the age of 16 years against the will of her parents. See former OCGA § 16-5-40 (b) (Code Ann. § 26-311), repealed by Ga. L. 1982, p. 970, § 1. The Court of Appeals affirmed. *Kirk v. State,* 168 Ga. App. 226 (308 SE2d 592) (1983). We granted certiorari to consider aspects of the Court of Appeals' opinion relative to Kirk's defense of insanity.

1. In Division 1, the Court of Appeals states: "Insofar as parental permission is concerned, Rita's father testified that he had not given anyone permission to remove his daughter from his house and neither had his wife, to the best of his knowledge. [The mother] did not testify. Since appellant's defense was insanity rather than that he had parental consent for his action, the father's testimony was sufficient to carry the state's regard burden with to parental permission." 168 Ga. App. at 227.

The state's burden may be satisfied by no less than the usual proof, no matter what the defense might be. Mullaney v. Wilbur, 421 U. S. 684 (95 SC 1881, 44 LE2d 508) (1975); In re Winship, 397 U. S. 358 (90 SC 1068, 25 LE2d 368) (1970). The state has the burden of proving beyond a reasonable doubt each element of a criminal offense — whatever the defense. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The mother's lack of consent being an essential element of the offense, the evidence is nonetheless adequate under the standard of Jackson v. Virginia, supra. The father's testimony, supra, together with Kirk's acknowledgment that he had not known Rita or her father or mother prior to the abduction, was sufficient to authorize the jury to infer want of parental consent.

2. Division 11 of the Court of Appeals' opinion, in part, is as follows: "That the state must prove sanity beyond a reasonable doubt is not antagonistic to the notion that the defendant has the burden to establish his insanity by a preponderance of the evidence." In Georgia, the state does not have the burden of proving a defendant's sanity beyond a reasonable doubt — but if a court so instructs a jury, the error is harmless, as it can only be beneficial to a defendant. *State v. Avery,* 237 Ga. 865 (230 SE2d 301) (1976). To the contrary, a defendant's sanity is presumed; a defendant has the burden of proving insanity by a preponderance of the evidence; the presentation by a defendant of evidence contrary to the presumption of sanity does not, as a matter of law, dissipate it; jurors are permitted to reject the testimony of lay or expert witnesses as to the sanity of the accused, and to rely upon the presumption of sanity. *Peek v. State,*

250 Ga. 50 (1) (295 SE2d 834) (1982); *Fulghum v. State,* 246 Ga. 184 (269 SE2d 455) (1980); *Potts v. State,* 241 Ga. 67, 80 (13) (243 SE2d 510) (1978). See also Patterson v. New York, 432 U. S. 197 (97 SC 2319, 53 LE2d 281) (1977); *Longshore v. State,* 242 Ga. 689, 690 (1) (251 SE2d 280) (1978).

*Judgment affirmed. All the Justices concur, except Hill, C. J., who concurs in the judgment only, and Gregory, J., who concurs specially.*

DECIDED FEBRUARY 3, 1984.

*Parker & Walls, James I. Parker, Michael C. Walls,* for appellant.

*W. A. Foster III, District Attorney, Jeffrey L. Ballew, Assistant District Attorney,* for appellee.

GREGORY, Justice, concurring specially.

I concur in the judgment but write to point out the distinction between our opinion in this case and our opinion in *Butler v. State,* 252 Ga. 135 (311 SE2d 473) (1984). Here we hold that the presumption of sanity, which exists as to everyone if nothing more be shown, is not a "bursting bubble" presumption, McCormick on Evidence, Second Edition, § 345(A), p. 821 (1972), and does not dissipate in the face of evidence of insanity. In *Butler,* supra, we held that an involuntary civil commitment by a Probate Court has the result of removing the presumption of sanity which would otherwise attach to an individual.

In criminal cases, where the issue of insanity is reviewed by an appellate court, the standard of review is that established in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and applied by this court in *Brown v. State,* 250 Ga. 66, 71 (295 SE2d 727) (1982), "whether, after reviewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime." In the trial court the defendant has the burden to prove his insanity by a preponderance of the evidence. On review, the appellate court must answer the question, whether any rational fact finder could have determined from the evidence that the defendant failed to prove his insanity by a preponderance of the evidence? In our review of the case sub judice, the evidence before the jury, and before us on review, included the presumption of sanity. In *Butler,* supra, proof of the defendant's civil commitment removed the presumption of sanity from consideration

by the jury and by this court on review.