67588. HUDSON v. THE STATE.

SOGNIER, Judge.
Appellant was convicted of voluntary manslaughter. On appeal

she contends the trial court erred (1) by admitting her confession into evidence; (2) by admitting photographs of the deceased into evidence which were gruesome and duplications of other photographs; (3) by refusing several of appellant's requests to charge; and (4) by charging on the presumption of sanity after appellant presented evidence that she was not sane.

1. In regard to admissibility of appellant's confession, the evidence disclosed that appellant shot her boyfriend of many years after he beat her and threatened to kill her. Deputy Sheriff Bill Sewell arrived at the scene and was invited into appellant's trailer where the shooting occurred; when he asked who shot the deceased appellant stated that she did. Deputy Henry Robinson then arrived and fully advised appellant of her Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)). Appellant again admitted shooting the deceased after a fight the night before. Appellant contends that neither her initial statement in response to Sewell's question as to who shot the deceased, nor her subsequent statement to Robinson after being advised of her Miranda rights, was admissible. We do not agree.

As to appellant's statement to Sewell when he arrived at the scene of the killing, appellant was one of many people in her trailer and was not in custody, so no Miranda warnings were required. *Glass v. State*, 166 Ga. App. 225-226 (1) (303 SE2d 764) (1983). Miranda, supra, does not apply to admissions made at on-the-scene investigations, and Sewell's single threshold inquiry was not impermissible interrogation. *Shy v. State*, 234 Ga. 816, 822 (218 SE2d 599) (1975).

In regard to appellant's statement to Robinson, she testified she did not talk to Robinson. However, Robinson testified that he advised appellant of her Miranda rights, that she understood her rights, and that no threats, promises or coercion were used to obtain her statement. Factual and credibility determinations as to the voluntariness of a confession are normally made at a suppression hearing (as was done here) and must be accepted by appellate courts unless such determinations are clearly erroneous. *Griswold v. State*, 159 Ga. App. 22, 23 (2) (282 SE2d 679) (1981). We find no error in the trial court's determination that appellant's confession was voluntary.

Since the confessions were admitted properly, appellant's contention that evidence obtained as a result of the confessions was tainted, and thus inadmissible, is without merit.

2. Appellant contends it was error to admit certain gruesome photographs into evidence because they were duplications of one another. We have examined the photographs (State Exhibits 1 through 5) and find, as did the trial judge, that none of the photographs are duplications of one another. "Photographs which are relevant to any issue in the case are admissible even though they may have an effect

upon the jury," *Ramey v. State*, 250 Ga. 455, 456 (298 SE2d 503) (1983), and photographs depicting the nature and extent of the victim's wounds, the location of the body, the crime scene, and the victim's identity are admissible. *Gaskins v. State*, 250 Ga. 386, 390 (5) (297 SE2d 729) (1982). Thus, it was not error to admit the photographs into evidence.

3. a. Appellant contends it was error to refuse her request to charge that the accused's testimony has the same weight and is governed by the same rules as to credibility as the testimony of other witnesses. This contention has been decided adversely to appellant. *Jester v. State*, 131 Ga. App. 269, 270 (2) (205 SE2d 444) (1974).

b. Appellant contends the trial court erred by refusing her request to charge that once the issue of self-defense is raised, the state has the burden of proving that defendant was not justified in using force likely to cause death or great bodily harm. This contention has also been decided adversely to appellant, *Walston v. State*, 245 Ga. 572, 573 (2) (266 SE2d 185) (1980), where, as here, the trial court charged on self-defense in the language of OCGA § 16-3-21 (a) and also charged on the presumption of innocence and the state's burden of proving every element of the offense charged beyond a reasonable doubt.

c. Appellant next contends the trial court erred by refusing her request to charge that the mental weakness of appellant should be considered on the issue of mistake of fact. This contention is not supported by the transcript, for in its charge on mistake of fact the trial court stated: "In this connection you are to consider the mental capacity of the defendant." The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principle, is not a ground for reversal. *Kelly v. State*, 241 Ga. 190, 191 (4) (243 SE2d 857) (1978). Since the court's charge covered the principle requested, no error was committed by failure to give appellant's requested instruction in the exact language requested.

4. Lastly, appellant contends the trial court erred by charging on the presumption of sanity after appellant presented evidence that she was not sane. This contention is not supported by the transcript.

A psychologist testified that he had consulted with appellant four or five times because of her anxiety and fear that the deceased would carry out his threats to kill appellant and her children. A psychological counselor testified that he had interviewed appellant and administered several psychological tests showing that appellant had a mild mental retardation. The State presented a psychiatric evaluation of appellant which stated that the psychiatrist who examined appellant found no evidence of psychosis or mental retardation. Thus, there was no evidence that appellant was not sane.

Under the law of this state an individual's sanity is presumed, and the presentation of evidence to the contrary does not dissipate the presumption of sanity which exists by law. OCGA § 16-2-3; *Fulghum v. State*, 246 Ga. 184, 185-186 (269 SE2d 455) (1980). Although appellant may suffer from a mild mental retardation, mental abnormality, unless it amounts to insanity, is not a defense to a crime. *Wallace v. State*, 248 Ga. 255, 262 (8) (282 SE2d 325) (1981). Hence, it was not error to charge on the presumption of sanity.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED MAY 24, 1984 —
REHEARING DENIED JUNE 14, 1984 — 

*Gerald P. Word,* for appellant.
*Arthur E. Mallory III, District Attorney, James M. Garcia, Robert H. Sullivan, Assistant District Attorneys,* for appellee.