71040. ROSE v. THE STATE.
(338 SE2d 510)

McMURRAY, Presiding Judge.

Robert Leon Rose appeals his conviction of aggravated assault upon a peace officer. *Held*:

1. At the arraignment hearing the trial court granted defendant's request for a court appointed psychiatrist to examine him to determine his competency to stand trial and his mental capacity at the time the crime was committed in conjunction with his special plea of insanity. An examination of defendant was performed at the Georgia

Diagnostic and Classification Center during the summer of 1983, but the results were misplaced and the examination was repeated on February 16, 1984. The report submitted to the court at that time stated that defendant was then fully aware of his surroundings, in touch with reality, in control of his faculties and able to distinguish between right and wrong and to assist his attorney in his own defense so as to be competent to stand trial.

Defendant contends that since the report was not "promptly" filed as ordered by the court he could not adequately assert his defense of insanity, and therefore, his motion to quash the indictment should have been granted. We do not agree. Not only is there no authority for the propriety of such a remedy, the record contains numerous evaluations of defendant's mental condition made during a period between January 27 and February 8, 1983, while he was under observation at Central State Hospital. Defendant was thus not prevented from presenting an insanity defense, but simply failed to utilize his subpoena power to call any of the large staff of experts who examined him then. This enumeration is without merit.

2. Defendant filed a motion in limine prior to trial requesting that he be allowed to appear in court in civilian clothes without handcuffs or leg irons. The court, after inquiry, ruled that defendant could appear without handcuffs in civilian clothing, but that because he had a history of unpredictable acts of violence and was accused of attacking a correctional officer with a razor blade while incarcerated at the Diagnostic and Classification Center he would be required to wear leg irons in order to effectuate a safe situation for the trial. The assistant superintendent of security at the Diagnostic and Classification Center, called by the State in opposition to the motion in limine, testified that he had personally witnessed about three instances of unpredictable violence by defendant and that in his opinion defendant should be physically restrained during trial.

"While a defendant in a criminal trial has the right to appear at trial free of physical restraints, [cit.], where exceptional circumstances dictate added security precautions it is within the discretion of the trial judge to allow such added precautions. [Cit.] . . . Under such circumstances, we find no abuse of discretion in requiring appellant to appear in leg irons. [Cit.] Thus, it was not error to deny appellant's motion." *Thomas v. State*, 171 Ga. App. 306, 308 (4) (319 SE2d 511).

3. The trial court instructed the jury that under the charge given "you might find [the defendant] not guilty by reason of insanity in which event the form of your verdict would be, 'We, the jury, find the defendant not guilty by reason of insanity.' " Defendant complains that this gave the jury the erroneous impression that they could not acquit him by reason of insanity unless they found him insane beyond a reasonable doubt, and the court's failure to instruct the jury to ac-

quit him if they entertained a reasonable doubt as to his sanity at the time of the commission of the crime alleged constituted reversible error.

No request was made for such a charge and the court did instruct the jury that "intent to commit a crime charged in the indictment is an essential element that the State must prove to you beyond a reasonable doubt." The court also defined insanity and mental illness and reviewed all the possible verdicts in reference to these defenses. The Supreme Court has established that "where the charge of the court includes instruction as to insanity but places the burden of proof as to each essential element of the crime, including intent, upon the state beyond a reasonable doubt, it is not error for the court not to instruct the jury, specifically, absent a request, as to any burden of proof regarding sanity." *Powell v. State*, 237 Ga. 490, 492 (1) (228 SE2d 875) (1976). Since "the instructions given clearly placed the burden of proof as to the essential elements of the [offense], including intent, upon the state beyond a reasonable doubt, there is no merit in the enumeration." *Cooper v. State*, 163 Ga. App. 482, 485 (4) (295 SE2d 161) (1982). Accord *Dollar v. State*, 168 Ga. App. 726 (2) (310 SE2d 236) (1983); *Kirk v. State*, 168 Ga. App. 226, 231 (11) (308 SE2d 592) (1983), aff'd 252 Ga. 133 (311 SE2d 821) (1984). Compare *Butler v. State*, 252 Ga. 135 (311 SE2d 473) (1984). It follows that the trial court did not err in denying defendant's motion for new trial.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED NOVEMBER 22, 1985.

*William P. Bartles*, for appellant.
*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney*, for appellee.