71561. CHAMBLEY v. THE STATE.
(340 SE2d 635)

McMURRAY, Presiding Judge.

Defendant was convicted of aggravated assault (with intent to rape) and kidnapping and now appeals. *Held*:

1. In his first enumeration of error the defendant contends that all statements he made while in police custody were fruits of an illegal arrest and were therefore inadmissible at trial.

The record shows that the defendant made two statements to the police after his arrest. The first statement was offered into evidence by the State. The second statement was offered into evidence by the defense. Since the defendant offered his second statement into evidence, he cannot complain that it was erroneously admitted by the trial court. Induced error cannot be complained of on appeal. *Reynolds v. State*, 147 Ga. App. 488, 491 (4) (249 SE2d 305). Further, the statement offered by the defense substantiated all admissions contained in the statement offered by the State. (In fact, the statement offered by the defendant was more graphically incriminating. It described details of how the defendant committed the crime charged and how he committed a sufficiently similar crime a week after he committed the crime charged.) Consequently, even though the statement offered by the State may have been illegally admitted, it cannot constitute reversible error since substantially the same statement was introduced into evidence by the defendant. See *Johnson v. State*, 84 Ga. App. 745, 748 (1) (67 SE2d 246); *Harris v. Stynchcombe*, 227 Ga. 763 (1) (183 SE2d 205); *Glass v. Lowery*, 168 Ga. App. 153 (2) (308 SE2d 616). Finally, we have thoroughly examined the record and find that other evidence presented at trial overwhelmingly supported the verdict. " 'A constitutional error is harmless, if there is no "reasonable possibility that the evidence complained of might have contributed to the conviction" *Fahy v. Connecticut*, 375 U. S. 85, 86-87, 84 SC 229, 230, 11 LE2d 171 (1963). The test is not "whether there was sufficient evidence on which the petitioner could have been convicted without the evidence complained of," id., but whether the evidence complained of may have influenced the factfinder's deliberations, see *Harrington v. California*, 395 U. S. 250, 254, 89 SC 1726, 23 LE2d 284 (1969).' *Harryman v. Estelle*, 597 F2d 927, 929 (1979). Overwhelming evidence of the defendant's guilt can negate the possibility that the constitutional error contributed to the conviction. *Milton v. Wainwright*, [407 U. S. 371 (92 SC 2174, 33 LE2d 1) (1972)]." *Vaughn v. State*, 248 Ga. 127, 131-132 (281 SE2d 594). Consequently, any error

committed by admitting the statement offered by the State into evidence was harmless.

2. In his second enumeration of error the defendant contends that evidence of his prior criminal actions was inadmissible because it was irrelevant and served only to prejudice the jury against him.

"In *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984), we held that evidence of prior criminal actions are admissible if relevant to the issues in the present case. The state must show, however, that the defendant was in fact the perpetrator of the prior action and that sufficient similarity exists between the prior action and the offense charged. *Walraven v. State*, 250 Ga. 401 (297 SE2d 278) (1982). Once this foundation is laid, evidence of prior crimes is admissible to show motive, intent, plan, identity, bent of mind or course of conduct." *Sport v. State*, 253 Ga. 689 (1) (324 SE2d 184). In the case sub judice, the evidence showed that one week after the crime charged the defendant kidnapped and raped another woman in almost exactly the same manner that he abducted the victim. The defendant forced each woman off the road by ramming his pickup truck into her vehicle. While each woman sat dazed in her disabled vehicle, the defendant approached them with the pretext of offering assistance. After both women refused assistance, the defendant brandished a knife, forcing the victims into the passenger side of his truck. He crawled over each woman in exactly the same manner when entering his truck. He made each of these two victims completely disrobe while he drove down the highway. He examined both women, touching them and making vulgar remarks. Both crimes occurred late in the evening on a rainy Sunday night and both women were abducted while they were traveling south on U. S. Highway 19. Both victims positively identified the defendant as their abductor. This evidence is more than similar. It is virtually identical and is relevant in showing the defendant's motive, intent, plan, identity, bent of mind and course of conduct. The trial court did not err in admitting this evidence at trial.

3. In his final enumeration of error the defendant contends that the trial court erred in failing to charge the jury on delusional compulsion. "Before [the defense of delusional compulsion] is available, it must appear that [the defendant] was acting under a delusion which, if true, would justify his action. *Brown v. State*, 228 Ga. 215, 217 (184 SE2d 655)." *Kirk v. State*, 168 Ga. App. 226, 230 (9) (308 SE2d 592) (affirmed on other grounds, 252 Ga. 133 (311 SE2d 821)). Since the delusion allegedly suffered by the defendant (that the victim was his wife) does not justify defendant's actions constituting the crimes of aggravated assault (with intent to rape) and kidnapping, a charge on delusional compulsion was not required.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 31, 1986.

*Don E. Snow*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Christopher C. Edwards, Paschal A. English, Jr., Assistant District Attorneys*, for appellee.