## 76937. RICHARDSON v. THE STATE.
### (375 SE2d 813)

POPE, Judge.

Under a seven-count indictment, appellant Van Richardson was tried for (1) aggravated assault upon a peace officer (Deputy J. A. Pope) with a pistol during the performance of his official duties; (2) aggravated assault upon a peace officer (Deputy Chet Powell) with a pistol during the performance of his duties; (3) aggravated assault with a pistol upon the jailer, Deputy Guy Carter; (4) aggravated assault with a pistol upon a county employee, Jack Hood; (5) aggravated assault with a pistol upon an inmate, Gerald McMillan; (6) possession of a firearm during the commission of a crime; and (7) attempted escape. The jury returned a verdict of guilty but mentally ill as to all counts except Count 5, of which appellant was acquitted. Appeal is brought from the denial of appellant's motion for new trial.

The charges arose from an incident occurring at the Colquitt County Jail on November 26, 1986, where appellant was in legal custody, when Deputy Powell returned appellant from a visit to a mental health facility. Powell removed appellant's handcuffs and Pope gave him a cigarette. When Powell told appellant he had to "go back upstairs" to the jail cells, appellant dropped his pants and bent over, telling Pope he could "kiss his ass." Suddenly appellant pulled up his pants and grabbed a gun, which a deputy had left on the counter, and began firing. Pope and Powell were wounded and the other men in or near the room took cover or fled. Appellant ran out into the courtyard with the gun and was shot twice and disabled by Pope as he appeared to be climbing over the jail fence.

At trial appellant raised the defense of insanity, with two psychiatrists appearing on behalf of the defense. Dr. Gaston Loomis testified that appellant had a form of manic depressive mental illness and was in a hypomanic phase; that manic depressive illness was a disorder of mood, as opposed to a disorder of content such as schizophrenia, in which a person's moods "shift so significantly that it alters their way of thinking." Dr. Loomis further stated that appellant had a long history of being diagnosed and treated as manic depressive, but when examined that morning before the shootings was hypomanic, "which was not normal but not yet manic." He also testified that people who are manic are considered in many cases not to be able to distinguish between right and wrong, but in his opinion, at the time he saw appellant about an hour before the incident, he knew right from wrong.

Dr. H. J. Choi, who examined appellant about a week later, testified that he diagnosed him as a "manic hypopsychotic patient," who was at that time insane and delusionary and unable to control his behavior. However, appellant knew he was there for a psychiatric

evaluation and also knew he had criminal charges pending against him. Dr. Choi treated appellant for the next 40 days, during which time his medication was steadily increased, and during which time Dr. Choi concluded appellant was suffering from a mental illness.

Dr. Kenneth Fuller, a rebuttal psychiatrist for the State, testified that when he examined appellant prior to the trial, appellant knew the charges against him and "described the events surrounding the incident coherently [and] logically," although he could not remember how Pope was shot. In Dr. Fuller's opinion appellant was mentally ill, but knew right from wrong.

Appellant's mother and former father-in-law testified that he had been committed to a mental hospital when he was seventeen and had been "in and out" for the next fourteen years; that he never shot anyone at home, but would "terrify" them; that even when he was on his medication he had to go back to the hospital several times; and that appellant was violent and "crazy."

1. Appellant contends that the evidence was insufficient to authorize a rational trier of fact to find the essential elements of aggravated assault beyond a reasonable doubt, arguing that neither Carter nor Hood were in the presence of the gun when it was fired at Powell and Pope. However, the jury could have found that appellant's actions placed Carter and Hood in reasonable apprehension of receiving a violent injury in that the shooting occurred in an enclosed office, and both men testified that they fled into other rooms because they feared that they too would be shot. "A person commits the offense of aggravated assault when he assaults: . . . [w]ith a deadly weapon . . . which . . . *is likely to* or actually does result in serious bodily injury." (Emphasis supplied.) OCGA § 16-5-21 (a) (2). "Taken in the light most favorable to the State, there was sufficient evidence to convince a rational trier of fact of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]; *Daughtry v. State*, 180 Ga. App. 711 (350 SE2d 53) [(1986)]." *Davis v. State*, 184 Ga. App. 230, 231 (1) (361 SE2d 229) (1987).

2. Appellant asserts that the evidence was insufficient for the jury to have found him sane beyond a reasonable doubt. He urges that since he showed by a preponderance of the evidence that he suffered from a "mental abnormality," the State then had the burden of establishing beyond a reasonable doubt that he was not insane, which it failed to do. We do not agree.

"In *Brown v. State*, 250 Ga. 66, 71-72 (295 SE2d 727) (1982), the Supreme Court held that 'an appropriate standard of appellate review of the sufficiency of the evidence with regard to a jury's finding of sanity in a criminal case is whether after reviewing the evidence in the light most favorable to the state, a rational trier of fact could have

found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime.' In announcing this standard of review, the Court reaffirmed its previous holdings that 'because jurors are not bound by the opinions on sanity of either lay or expert witnesses, the jury may reject defense testimony on insanity even if uncontradicted; the presumption of sanity does not disappear upon the introduction of evidence to the contrary and may be relied upon by the jury even after the introduction of evidence of insanity.' [Cit.]" *McMachren v. State*, 187 Ga. App. 793, 794 (1) (371 SE2d 445) (1988). The evidence presented by appellant does not meet the test of insanity which would require a verdict of not guilty by reason of insanity. *Salter v. State*, 257 Ga. 88 (1) (356 SE2d 196) (1987); accord *McMachren*, supra; *Tarver v. State*, 186 Ga. App. 905 (1) (368 SE2d 828) (1988).

3. Appellant protests that the trial court erred in not charging without request that once the defendant has illustrated his insanity the State is required to rebut such showing beyond a reasonable doubt; and at that point, to further instruct the jury that if they believed beyond a reasonable doubt that the defendant committed the acts charged, and was sane at the time of commission of these acts and was capable of distinguishing between right and wrong, then it would be their duty to find him guilty.

"No request was made for such a charge and the court did instruct the jury that 'intent . . . is an essential element [of any crime and must be proved by the State] beyond a reasonable doubt.' The court also defined insanity and mental illness and reviewed all the possible verdicts in reference to these defenses. The Supreme Court has established that 'where the charge of the court includes instruction as to insanity but places the burden of proof as to each essential element of the crime, including intent, upon the state beyond a reasonable doubt, it is not error for the court not to instruct the jury, specifically, absent a request, as to any burden of proof regarding sanity.' *Powell v. State*, 237 Ga. 490, 492 (1) (228 SE2d 875) (1976). Since 'the instructions given clearly placed the burden of proof as to the essential elements of the [offenses], including intent, upon the state beyond a reasonable doubt, there is no merit in the enumeration.' [Cits.] It follows that the trial court did not err in denying [appellant's] motion for new trial." *Rose v. State*, 177 Ga. App. 55, 57 (3) (338 SE2d 510) (1985).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 21, 1988.

*Thomas L. Kirbo III*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.