**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 29, 2025**

# In the Court of Appeals of Georgia

A25A1252. BOLSTON v. THE STATE.

MCFADDEN, Presiding Judge.

Markey Monterrio Bolston was convicted of committing offenses against law enforcement officers during a struggle with them. The undisputed trial evidence showed that at the time Bolston was in an altered mental state. Bolston's trial counsel filed a notice of intention to raise an insanity defense, but counsel opted at trial to forgo the insanity defense and proceed only on a defense of involuntary intoxication.

On appeal, Bolston argues that his trial counsel rendered ineffective assistance because she did not obtain a mental health assessment of his criminal responsibility at the time of the charged acts and did not properly advise him that, without such an assessment, he would have difficulty meeting the evidentiary burden associated with

his involuntary intoxication defense. Although Bolston argued below that his trial counsel was deficient in these ways, the trial court, in denying his motion for new trial, did not address those arguments. For this reason, we must vacate the order denying Bolston's motion for new trial and remand the case for the trial court to address those claimed deficiencies. We do not reach Bolston's claim of error regarding a post-trial mental health assessment.

1. *Ineffective assistance of counsel*

As stated above, the record shows that on the day of trial Bolston's trial counsel chose to forgo an insanity defense and proceed with a sole defense of involuntary intoxication. This was in response to the trial court's offer to continue the trial so that Bolston could get a mental health assessment pertaining to his criminal responsibility at the time of the charged acts. See Georgia Uniform Superior Court Rule 31.5 (A) (authorizing a trial court to order a mental health evaluation of a defendant who raises the issue that he was insane or mentally ill at the time of the charged acts). Consequently, Bolston did not undergo a mental health assessment.

Such a mental health assessment was relevant to Bolston's sole defense of involuntary intoxication. "A person shall not be found guilty of a crime when, at the

time of the act, omission, or negligence constituting the crime, the person, because of involuntary intoxication, did not have sufficient mental capacity to distinguish between right and wrong in relation to such act." OCGA § 16-3-4 (a). As such, the defense of involuntary intoxication involves "issues of mental competence, in effect, temporary insanity[,]" and is "coextensive" with the defense of insanity. *McKelvin v. State*, 305 Ga. 39, 41 (2) (a) (823 SE2d 729) (2019) (citation and punctuation omitted).

"Every person is presumed to be of sound mind and discretion but the presumption may be rebutted." OCGA § 16-2-3. It is a defendant's burden to rebut that presumption by a preponderance of the evidence. *Kirk v. State*, 252 Ga. 133 (2) (311 SE2d 821) (1984). So Bolston was presumed to have sufficient mental capacity to distinguish between right and wrong in relation to the charged acts, despite his alleged involuntary intoxication, and to prevail on his involuntary intoxication defense he had to present evidence rebutting that presumption.

In his motion for new trial, Bolston argued that his trial counsel was ineffective for forgoing the insanity defense. The trial court rejected that claim, holding that trial counsel was not ineffective for "not raising the insanity defense" at trial.

But Bolston also argued to the trial court that his trial counsel was ineffective for other reasons: for failing to obtain a mental health assessment to support his involuntary intoxication defense, and for failing to properly advise him that he likely would need such an assessment to prevail on his involuntary intoxication defense in light of his burden to rebut the statutory presumption of sanity. The trial court did not address these claimed deficiencies in his order. As a result, we cannot review these grounds of alleged ineffective assistance. See *Clark v. State*, 360 Ga. App. 11, 17 (3) (b) (ii) (858 SE2d 519) (2021). Instead, we must vacate the order on the motion for new trial and remand the case for the trial court to address them in the first instance. See *Jones v. State*, 280 Ga. App. 287, 297 (5) (633 SE2d 806) (2006) (physical precedent only).

3. *Post-trial mental health assessment*

Before the hearing on Bolston's motion for new trial, his post-conviction counsel filed a motion asking for a mental health assessment on his criminal responsibility at the time of the charged acts. He argues on appeal that the trial court should have ordered such an assessment, which was relevant to the arguments made in the motion for new trial. The record does not contain an express ruling on the

motion. Without such a ruling, and given our decision to vacate the order denying the motion for new trial and remand the case for further proceedings, we do not address this claim of error. On remand, the trial court may rule on the motion and take any other appropriate action not inconsistent with our opinion in this case.

*Judgment vacated and case remanded. Hodges and Pipkin, JJ., concur.*